STATE OF WEST VIRGINIA

*v.*

HAROLD GUY FURNER

(No. 13816)

Decided June 27, 1978.

*Douglas A. Cornelius* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Joseph P. Henry,* Assistant Attorney General, for defendant in error.

HARSHBARGER, JUSTICE:

The following indictment was returned against defendant Harold Guy Furner by the Harrison County Grand Jury:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Harrison, and now attending the said Circuit Court, upon their oaths present that Harold Guy Furner, on the _____ day of October, 1975, in the said County of Harrison, feloniously, maliciously and unlawfully in and upon one Fray Queen, Jr., an assault did make with a dangerous and deadly weapon, to-wit, hands, fists and feet, and him, the said Fray Queen, Jr., did then and there strike, beat and batter, cut and wound, with intent him, the said Fray Queen, Jr., to maim, disfigure, disable and kill; against the peace and dignity of the State."

Defense counsel's motion at trial for a directed verdict on the malicious wounding and unlawful wounding charges was granted and defendant was tried and convicted by a jury of assault and battery. He was given a $100 fine and sentenced to nine months in the Harrison County Jail.

Prior to entry of his not guilty plea, defendant moved to quash the indictment on the grounds that it averred that the victim, Fray Queen, Jr., rather than the defendant, did "strike, beat and batter, cut and wound" Fray Queen, Jr.; and that the omission of defendant's name

from the charging part of the indictment was an incurable defect.

The motion was denied. Then, prior to sentencing counsel unsuccessfully moved in arrest of judgment that the indictment be quashed. The sole issue here is the indictment's sufficiency.

The general rule is that to be sufficient an indictment must fully and plainly inform the accused of the character and cause of the accusation, and a valid indictment is a condition precedent to a conviction for a felony. *See* W. Va. Constitution, art. 3, §14 and *State v. La Manca,* 142 W. Va. 549, 96 S.E.2d 667 (1957); *State v. McGraw,* 140 W. Va. 547, 85 S.E.2d 849 (1955); *State v. Johnson,* 134 W. Va. 357, 59 S.E.2d 485 (1950). The purpose of this rule is to protect the defendant from another prosecution for the same offense and to enable him to properly prepare his defense. *State v. La Manca, supra; State v. Ash,* 139 W. Va. 374, 80 S.E.2d 339 (1954).

There is no allegation in this case that Furner was not plainly informed of the charges against him. He alleges instead that the indictment failed to charge him with a crime because the victim's name was inserted in the charging part of the indictment. The defense relied on *State ex rel. McCormick v. Hall,* 150 W. Va. 385, 146 S.E.2d 520 (1966). In *McCormick,* the Court held the following indictment invalid because it failed to charge the defendant with any crime:

> "The Grand Jurors of the State of West Virginia, in and for the body of the County of Lincoln, and now attending said Court, upon their oaths present: That David McCormick on the 22nd day of October, 1965, in the said County of Lincoln in and upon one Raymond Earl Hensley assault did make, and he the said Raymond Earl Hensley did then and there unlawfully, maliciously and feloniously shoot, cut, stab and wound with intent then and there to maim, disfigure, disable and kill him the said Raymond Earl Hensley against the peace and dignity of the State."

The Court relied on the fact that the wrong name was placed in the charging part of the indictment and said:

> ... The substitution of the name of an entirely different person for the name of the defendant in an indictment constitutes a fatal and incurable defect in such indictment even though the inference may be clear that the substitution of the wrong name was inserted for the true name by mere error or inadvertance. 146 S.E.2d at 523

On this point, we overrule *McCormick* and hold that as long as the accused is plainly and fully informed that he is accused of a crime against a person named, the transposition of names in the videlicet clause of the indictment is not a fatal defect. The requirement of being plainly and fully informed is satisfied when defendant's name appears, as it does here, in the allegation that he "an assault did make" upon Fray Queen, Jr.

The indictment clearly stated the nature and cause of the accusation against defendant enabling him to prepare his defense and plead his conviction as a bar to later prosecution for the same offense. He was not deprived of any constitutional rights. See, *Austin v. Peyton*, 279 F.Supp. 227 (W.D.Va. 1968); *People v. Kilgore*, 16 Ill.App.3d 691, 306 N.E.2d 485 (1973); *Hill v. State*, Okla. Crim., 523 P.2d 1114 (1974).

There is a sometimes difficult to discern difference between the typographical errors of the law that our profession has historically gloried in examining, often to the dismay and consternation of the populace, and the legal errors which adversely influence the course of the protection of individual freedoms. In the past, courts often voided convictions in cases like these, while overlooking the most sensitive and flagrant abuses of citizens by their governments. We intend to correct this misdirection, wherever possible, hoping that we always recognize it.

*Affirmed.*