STATE OF WEST VIRGINIA

*v.*

TIMOTHY KNIGHT

(No. 15081)

Decided December 18, 1981.

*H. John Rogers and Richard Paul Cohen* for appellant.

*Chauncey H. Browning*, Attorney General, *Charles G. Brown, III*, Deputy Attorney General, *George S. Taylor* and *David J. Hardy*, Legal Interns, for appellee.

McGRAW, JUSTICE:

The appellant, Timothy Knight, appeals from the final order of the Circuit Court of Wetzel County which ad-

judged him guilty, upon a jury verdict, of the crime of indecent exposure in violation of *W. Va. Code* § 61-8B-10 (1977 Replacement Vol.), and sentenced him to imprisonment in the Wetzel County Correctional Center for a period of ninety (90) days and ordered him to pay a fine of $250 plus the cost of the prosecution.

The defendant, appellant here, initially complained by petition, which this Court granted, that *W. Va. Code* § 61-8B-10 is unconstitutionally vague; that the statute is unconstitutional as applied to the facts of this case; that the evidence adduced at trial is insufficient to support a conviction under the statute; that the trial court erred in giving two of the State's instructions to the jury; and that the trial court erred in denying the defendant's motion to disqualify the prosecuting attorney. Subsequently, by brief, appellant argued his assignments of error alleging unconstitutionality, insufficiency of the evidence, and failure to disqualify the prosecutor, but he abandoned the assignments enumerated three and four in his petition relating to the State's instructions.

Prior to trial of this matter, counsel for the defendant submitted a motion to recuse the prosecuting attorney and his staff due to the prosecutor's previous involvement with the appellant. The appellant had been convicted of stealing materials from the prosecutor's houseboat and had been placed on probation upon the condition that he make full restitution to the prosecutor. At the time of the trial the appellant had not yet made restitution. The disqualification motion was denied at a hearing held on July 19, 1979, at which the defendant, his attorney, and the prosecuting attorney all were present.

The action proceeded to trial by jury on July 26, 1979, at which Ms. Mary Shepherd was the State's only direct witness. Ms. Shepherd, the Wetzel County Prosecuting Attorney's secretary, testified that on January 16, 1979, at approximately 11:00 p.m., she went to a New Martinsville bar known as the Dry Dock Pub. She remained in the pub for approximately three and one-half hours without consuming any alcoholic beverages because she was on a diet.

After the band had ceased playing, at approximately 2:30 a.m., she left the club alone.

She entered her car, started the engine, and sat for a brief period waiting for it to warm up. She testified that while she sat in the car a young man walked toward her "fondling his private parts." She testified that she was frightened as he came closer. She locked the door. The man, she said, put his penis up to her car window and shook it. The testimony shows that her vision was not affected by the fact that she was wearing contact lenses; that the windows were not steamed; and that the street light over her car made it easy to seek the facial features of the man, who wore dark trousers and a brown leather jacket. She testified that she pressed the horn of her automobile and screamed. She agreed at trial that his actions caused her "affront and alarm."

Ms. Shepherd identified the young man as Timothy Knight, saying that she had gone to school with his brother and that she had seen him in court. She explained that she did not call the police immediately because she thought it would be embarrassing. After thinking about it for twelve days or so, she decided to file a complaint against the defendant. An indictment was returned on May 8, 1979.

The appellant's sole defense theory at trial was alibi. He and his mother testified that he was home in bed that evening.

### I.

The appellant's first assignment of error is that the statute under which he was convicted was unconstitutionally vague. The crime of indecent exposure is defined in *W. Va. Code* § 61-8B-10 (1977 Replacement Vol.) as follows: "A person is guilty of indecent exposure when he intentionally exposes his sex organs or anus under circumstances in which he knows this conduct is likely to cause affront or alarm."

Basically, the appellant argues that the words of the statute do not serve to precisely advise the citizenry as to what conduct is lawful and what is unlawful. The question which this Court must answer is: is the "statute ... couched in such language so as to notify a potential offender of a criminal provision as to what he should avoid doing in order to not be guilty of the offense." *State ex rel. Myers v. Wood,* 154 W. Va. 431, 436, 175 S.E.2d 637, 641 (1970). *See also United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *State v. Reed,* ___ W. Va. ___, 276 S.E.2d 313 (1981); *State v. Flinn,* 158 W. Va. 111, 208 S.E.2d 538 (1974).

By the words of the statute, and others in the section on sexual offenses, the defendant is informed of all the essential requirements of the offense: (1) that the victim did not consent to the act; (2) that the act consists of the intentional exposure of sex organs or anus; and (3) that the act is done under circumstances which the perpetrator knows is likely to cause affront or alarm.[1] This statute puts the community and the defendant on notice of acts which are considered to be criminally reprehensible.

The Court finds this assignment of error to be without merit as the words contained in this statute are both plain and unambiguous on their face and sufficient to put the community and the defendant on notice as to the criminal nature of the defendant's acts.

## II.

Appellant's second assignment of error is that the statute in question, if not unconstitutionally vague, was unconstitutional as applied to the facts of this particular case. He asserts that the statute is vague as applied since it does not give sufficient notice to the appellant that his alleged conduct would be criminal.

One of the basic requirements in a criminal prosecution is that the defendant be fully informed, from the time he is

---

[1] For a further discussion of these elements *see* pp. 615 to 616 of this opinion.

first brought into court, of the charge against him. *State v. Grimmer,* 162 W. Va. 588, 251 S.E.2d 780 (1979). The defendant must be brought before the court on an indictment which fully and plainly informs him of the character and cause of the accusation. W. Va. Constitution, art. 3, § 4 and § 14: *State v. Furner,* 161 W. Va. 680, 245 S.E.2d 618, 619 (1978); *Hubbard v. Spillers,* 157 W. Va. 522, 202 S.E.2d 180 (1974); *State v. LeManca,* 142 W. Va. 549, 96 S.E.2d 667 (1957); *State v. McGraw,* 140 W. Va. 547, 85 S.E.2d 849 (1955); *State v. Johnson,* 134 W. Va. 357, 59 S.E.2d 485 (1954). If the indictment here charges the crime for which the defendant was convicted, then there are no constitutional problems; if it in some way fails to charge the crime, then the conviction must be reversed.

Before examining the indictment, it should be noted that there is no bar to this Court's dealing with this issue on appeal. First, the issue was raised at the trial court when counsel for the defendant filed a motion to quash the indictment "for other reasons apparent on the face of the indictment." Secondly, the defendant, to the degree he failed to raise objections to the indictment at the trial court, "does not thereby waive primary defects therein, that is, he does not waive the objection that the facts stated do not constitute an offense." *State v. Loveless,* 139 W. Va. 454, 457, 80 S.E.2d 442, 444 (1954). *See also U.S. v. Thomas,* 444 F.2d 919 (D.C. Cir. 1971); *Thomas v. State,* 522 P.2d 528 (Alaska 1974).

In pertinent part the indictment in this action reads:

> Timothy Knight on the ____ day of January, 1979, in the county aforesaid within one year before the finding of this indictment, did unlawfully and intentionally expose his sexual organs, to-wit, penis, to Mary Shepherd under circumstances which caused Mary Shepherd affront and alarm, against the peace and dignity of the state.

This indictment is insufficient in that it fails to allege the first necessary element of the crime: lack of consent on the part of the victim. *W. Va. Code* § 61-8B-2 requires that every offense defined in the sexual offenses article, except

for a few listed exceptions, be committed without the consent of the victim.[2] This statutory section defines lack of consent as one element of the crime of indecent exposure and, as such, it must be charged in the indictment and proven at trial. *State v. Eden,* 163 W. Va. 370, 256 S.E.2d 868 (1979). The State's failure to provide sufficient information in the indictment from which the defendant could determine the statute he was being charged with violating and to state each element involved in the crime did not, as a matter of law, give the defendant adequate notice from which he could prepare a defense and this is grounds for reversal of the conviction obtained thereunder.

The indictment is also defective in that its language is so brief and vague that it is not clear which statutory section the defendant is accused of having violated. *State ex rel. Turner v. McClure,* 153 W. Va. 855, 173 S.E.2d 167 (1970). It is unclear whether the defendant is being charged with committing the crime of indecent exposure or public indecency.[3]

---

[2] § 61-8B-2. LACK OF CONSENT.

(a) Whether or not specifically stated, it is an element of every offense defined in this article that the sexual act was committed without consent of the victim.

(b) Lack of consent results from:

(1) Forcible compulsion; or

(2) Incapacity to consent; or

(3) If the offense charged is sexual abuse, any circumstances in addition to the forcible compulsion or incapacity to consent in which the victim does not expressly or impliedly acquiesce in the actor's conduct.

(c) A person is deemed incapable of consent when he is:

(1) Less than sixteen years old; or

(2) Mentally defective; or

(3) Mentally incapacitated; or

(4) Physically helpless.

[3] The *Code* section immediately following the one for which the appellant was convicted reads:

*W. Va. Code* § 61-8B-11. Public Indecency.

(a) A person is guilty of public indecency when, knowing his conduct is likely to be observed by others who would be affronted or alarmed:

## III.

Appellant's third argument is that the evidence adduced at trial was not sufficient to support a conviction. The facts adduced at trial, when viewed, as they must be, in a light most favorable to the State, *State v. Atkins,* 163 W. Va. 502, 261 S.E.2d 55, *cert. denied* 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1979), are as set out above.

In reviewing the evidence this Court is required to utilize the following standard:

> In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the State's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in a light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.
>
> Syllabus Point 1, *State v. Starkey,* 161 W. Va. 517, 244 S.E.2d 219 (1978).

This Court has also determined that this is the standard to be used in its consideration of appeals. *State v. Dobbs,* 163 W. Va. 630, 259 S.E.2d 829 (1979).

In order to apply this standard to the evidence submitted in the action at hand, this Court must first note that the Code's definition of the crime of indecent exposure has three elements which were set forth above.

To secure a conviction for the crime of indecent exposure the State must prove each element of the offense beyond a reasonable doubt. The first element, the lack of consent, was not charged in the indictment nor was there any effort on the part of the State to offer proof of this element. Under the circumstances presented in the in-

---

(2) He intentionally exposes the private or intimate parts of his body or the body of another person.

stant action, a lack of consent would have to be shown by "forcible compulsion."[4] There is no evidence in the instant record which would meet the "forcible cumpulsion" standard, and for this reason the conviction must be set aside. *State v. Dobbs*, 163 W. Va. 630, 259 S.E.2d 829 (1979).

## IV.

The appellant's next argument is that the trial court erred in denying his motion to remove the prosecuting attorney. In essence, this argument is based on the fact that the prosecuting attorney had been victimized by the appellant in the past and that the appellant had failed to make court-ordered restitution to the prosecuting attorney prior to his arrest on the instant charges. The appellant's argument is also based on the fact that the complaining witness and the only witness for the State was the personal secretary of the prosecuting attorney.

As this Court discussed in *Priessler v. Dostert*, 163 W. Va. 719, 260 S.E.2d 279 (1979), it is only in very rare circumstances that a special prosecutor should be appointed. However, it cannot be denied that here the prosecuting attorney's former dealings with the appellant, and his relationship with the only State witness in this action, give rise to the appearance of a lawsuit which could have served as a vendetta. For this reason the prosecuting attorney in this action should have recused himself. In *State v. Rosengard*, 89 N.J. Super. 28, 34-35, 213 A.2d 262, 266-67 (1965) that court held

---

[4] *W. Va. Code* § 61-8B-1 (1977 Replacement Vol.).
In this article unless a different meaning plainly is required;
   (1) "Forcible compulsion" means
      (a) Physical force that over-comes such earnest resistance that might reasonably be expected under the circumstances; or
      (b) Threat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or another person or in fear that he or another person will be kidnapped.
For the purposes of this definition "resistance" includes physical resistance or any clear communication of the victim's lack of consent.

> [T]he exercise of that duty and that right [to detect and ferret out crime] must be accomplished so that the public at large has a feeling and an understanding that the prosecutor's objectives are completely divorced from any self-interest. Our cases have held that the "interest" need not be factually proven. If from any proven facts a reasonable person may infer self-interest, then under those circumstances the prosecutor cannot act.

The California courts have also ruled that the prosecutor should be disqualified in a criminal case where he has a personal interest in convicting the accused. In *People v. Superior Court (Greer)*, 19 Cal.3d 255, 137 Cal. Rptr. 476, 561 P.2d 1164 (1977) the court upheld the trial court's recusal of a prosecutor where it found evidence of bias against the defendant. The reason for disqualification resembled that raised here in that it centered about the close but innocent involvement of a member of the district attorney's clerical staff with the crime charged.

In *Ganger v. Peyton*, 379 F.2d 709 (4th Cir. 1967), the court was faced with a conviction obtained by a prosecutor who at the time of the trial was also representing the defendant's wife in a divorce proceeding against the defendant. The court found that "such a conflict of interest clearly denied [defendant] Ganger the possibility of a fair-minded exercise of the prosecutor's discretion." *Id.* at 712. Furthermore, the court rejected the State's claim that the conflict should not result in reversal unless specific misconduct or prejudice against the defendant could be shown declaring

> The State contends that the improper conduct resulted in no harm to Ganger. We cannot so assume. It is true that although charged with a serious assault that could have resulted in imprisonment to the extent of 20 years, Ganger was convicted of a lesser assault and sentenced to only six months. But we do not know and cannot now ascertain what would have happened if the prosecuting attorney had been free to exercise the fair

discretion which he owed to all persons charged with crime in his court. *Id.* at 714.

That Court concluded that the prosecutor's conflict of interest amounted to reversible constitutional error.

The ABA Standards for Criminal Justice 3-1-2, Conflicts of Interest (2d.ed. 1980) states: "[a] prosecutor should avoid the appearance or reality of a conflict of interest with respect to official duties. In some instances, as defined in Codes of professional responsibility, failure to so do will constitute unprofessional conduct." The commentary to this section reads: "[i]t is of the utmost importance that the prosecutor avoid participation in a case in circumstances where any implication of partiality may cast a shadow over the integrity of the office." Turning to the Code of Professional Responsibility, we note that DR 5-101(A) requires a lawyer to not accept employment "if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property or personal interest."

In applying the above legal considerations to the question currently before the Court, we must conclude under circumstances where it can reasonable be inferred that the prosecuting attorney has an interest in the outcome of a criminal prosecution beyond ordinary dedication to his duty to see that justice is done, the prosecuting attorney should be disqualified from prosecuting the case. Thus, where the defendant in a criminal prosecution has been convicted previously of a crime committed against the prosecuting attorney, has failed to make court-ordered restitution to the prosecutor, and has been accused of the crime by the prosecuting attorney's secretary, who was the sole witness to the alleged criminal act, the prosecuting attorney should disqualify himself.

The appellant's final argument challenges certain jury instructions which were offered at the trial.[5] These instruc-

---

[5] The first instruction is:

The Court instructs the jury that they are the sole judges of the weight of testimony of any witness who has testified before them

tions appear to state the law accurately and clearly do not fall into that class of instructions which are confusing, misleading, or an incorrect statement of the law which this Court has spoken against in the past. *State v. Bolling,* 162 W. Va. 103, 246 S.E.2d 631, 634 (1978) and cases cited therein. Furthermore, the appellant did not argue these matters in his brief, which was submitted to the court. For these reasons the appellant's prayer for reversal on these grounds must be denied.

For the reasons stated above, the judgment of the Circuit Court of Wetzel County is reversed, and the case is remanded to the circuit court for a new trial.

*Reversed and remanded.*

in the case at bar, and that in ascertaining such weight, they have the right to take into consideration the credibility of such witness, as disclosed from his evidence, his manner of testifying and demeanor upon the witness stand, and his apparent interest, if any, in the result of the case. And, if the jury believe that any witness has knowingly and intentionally testified falsely as to any material fact, they have the right to disregard all of the testimony of such witness so testifying falsely, or to give his testimony, or any part thereof, such weight only as the same, in their opinion may be entitled to.

The second instruction which was given which the defendant cites as error is:

The court instructs the jury that where the State has established a *prima facie* case and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the accused.