404 S.E.2d 249

Patricia Valentino KUTSCH,
Prosecuting Attorney for
Ohio County, Petitioner,

v.

Honorable W. Craig BROADWATER,
Judge of the Circuit Court of Ohio
County, and Melvin Green, Respondents.

No. 20031.

Supreme Court of Appeals of
West Virginia.

Submitted April 2, 1991.

Decided April 11, 1991.

Patricia Valentino Kutsch, pro se.

Terrance L. Britt and Jay T. McCamic, McCamic & McCamic, Wheeling, for respondent Melvin Green.

PER CURIAM:

Patricia Valentino Kutsch, Prosecuting Attorney for Ohio County, seeks a writ of prohibition against the Honorable W. Craig Broadwater, Judge of the Circuit Court of Ohio County, to restrain him from recusing the prosecutor's office and appointing a special prosecutor to represent the State in a criminal matter against Melvin Green. Mr. Green's attorney sought a special prosecutor because the prosecutor's office allegedly had a conflict of interest caused by a civil action brought by a firm, which employed Anthony I. Werner, who was also a part-time assistant prosecutor for Ohio County. However, because Mr. Werner has resigned from the prosecutor's office, the alleged conflict of interest no longer exists. Because the prosecutor's office for Ohio County no longer has an alleged conflict of interest, we find that the circuit court should not require the recusal of the prosecutor's office and, therefore, we issue a writ of prohibition.

Melvin Green was indicted on January 9, 1990 for malicious assault based on an alleged incident on October 11, 1989 at the Convenient Food Mart. On the day scheduled for trial, Ms. Kutsch moved to dismiss the indictment and said that she would seek an indictment of Mr. Green on the same offense at the next grand jury meeting.

On May 14, 1990, the grand jury returned an indictment against Mr. Green for the same offense. On May 10, 1990 Anthony Werner was employed as a part-time assistant prosecutor. Mr. Werner also was employed by a private law firm. Mr. Werner did not participate in Mr. Green's indictment or any subsequent prosecution of Mr. Green.

Sometime before Mr. Werner's employment in the prosecutor's office, Michael Anthony contacted Mr. Werner about a civil action based on some injuries Mr. Anthony and others received at the Convenient Food Mart on October 11, 1989—the same incident that lead to Mr. Green's indictment. On June 5, 1990, a civil action based on the alleged incident was filed against the Convenient Food Mart with Mr. Werner as counsel of record. Although the original complaint did not name Mr. Green or any other indicted person as a defendant, Mr. Green and others were subsequently joined as defendants by a third-party complaint filed on July 9, 1990. No one from the law firm that filed the third-party complaint was employed in the prosecutor's office.

On August 24, 1990, Mr. Green, by counsel, moved to recuse the office of the Ohio County prosecutor because of an alleged conflict of interest arising from Mr. Werner's participation in the civil action based on the same incident that led to Mr. Green's indictment. On September 27, 1990, the circuit court determined that an appearance of impropriety existed because of Mr. Werner's position as assistant prosecutor and granted Mr. Green's motion. However, effective October 5, 1990, Mr. Werner resigned from the prosecutor's office. On November 9, 1990, the circuit court decided to recuse the petitioner's office.[1] Ms. Kutsch filed a petition in this Court seeking to stop the circuit court from executing an order to recuse her office. This Court issued a rule to show cause why a writ of prohibition should not be granted, returnable on April 2, 1991. The principle question before this Court is whether the prosecuting attorney's office should be recused after an alleged conflict of interest ceases to exist.

I

Although a special prosecutor should be appointed only in "very rare circumstances" (*State v. Knight*, 168 W.Va. 615, 623, 285 S.E.2d 401, 406 (1981); *State v. Haught*, 179 W.Va. 557, 371 S.E.2d 54, 63 (1988)), a "prosecutor [who] has a personal interest, as distinguished from a public interest, in convicting an accused, ... may be disqualified. (Citation omitted)." *State v. Pennington*, 179 W.Va 139, 365 S.E.2d 803, 811 (1987); *see also Haught, supra* 179 W.Va. at 565, 371 S.E.2d at 62. The standard for determining when a prosecuting attorney should be disqualified from prosecuting a particular case was stated in Syllabus Point 4, *Pennington, supra:*

"Under circumstances where it can reasonably be inferred that the prosecuting attorney has an interest in the outcome of a criminal prosecution beyond ordinary dedication to his duty to see that justice is done, the prosecuting attorney should be disqualified from prosecuting the case...." Syl. pt. 4, in part, *State v. Knight,* 168 W.Va. 615, 285 S.E.2d 401 (1981).

*See Haught, supra* 179 W.Va. at 565, 371 S.E.2d at 62.

A prosecutor can be disqualified because of a conflict of interest. *Knight, supra* 168 W.Va. at 674, 285 S.E.2d at 407 (quoting *Ganger v. Peyton,* 379 F.2d 709 (4th Cir.1967)). Indeed the prosecutor has a duty to avoid even the appearance of the conflict of interest less "any implication of partiality may cast a show over the integrity of the office." *Id.* (quoting the ABA Standards for Criminal Justice 3-1-2, Conflicts of Interest (2d ed. 1980), commentary.)

In Syllabus Point 2, *State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974), we stated:

---

1. After the recusal order was entered, the regular rotation of the First Judicial Circuit Judges occurred resulting in the assignment of this case to Judge Broadwater. Judge Broadwater was not the presiding judge during the hearings and did not enter the recusal order.

As the primary responsibility of a prosecuting attorney is to seek justice, his affirmative duty to an accused is fairness.

In the present case, the record indicates that the alleged conflict of interest was caused by the employment of Mr. Werner as a part-time assistant prosecutor. Mr. Werner did not participate in any prosecution of Mr. Green and his resignation from the prosecutor's office removed the alleged conflict of interest.[2]

We find that the Ohio County office of prosecuting attorney should not be disqualified in this case because the alleged conflict of interest no longer exists. It is, therefore, Adjudged, Ordered and Decreed that a peremptory writ of prohibition be issued against the recusal of office of the prosecuting attorney for Ohio County. It is further, Adjudged, Ordered and Decreed that service of an attested copy of this opinion shall have the same force and effect as the service of a formal writ.

Writ Granted.

---

**2.** Because of Mr. Werner's resignation, we do not need to address whether Mr. Werner's appearance as counsel of record in a civil action in which Mr. Green was named as a third-party defendant required the disqualified of the office of prosecuting attorney from Mr. Green's case. See State v. King, 183 W.Va. 440, 396 S.E.2d 402, 411 (1990); State v. Riser, 170 W.Va. 468, 294 S.E.2d 461, 465 (1982) for a discussion of a prosecutor representing a different party against a defendant.