No. 17-1045 – *Robert Lee Lewis v. Donnie Ames, Superintendent, Mt. Olive Correctional Complex*

**FILED**

**November 21, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WORKMAN, J., dissenting:

The majority opinion is legally unsound and flies in the face of well-established constitutional law as well as this Court's recent decision in *Montgomery v. Ames,* 241 W. Va. 615, 627 S.E.2d 403 (2019). Further, the majority's modification of this Court's holding in syllabus point seven of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), in order to reach a result-driven decision that affirms the circuit court and affords the petitioner, Robert Lee Lewis, no relief in his second habeas petition, is simply wrong.

The majority's modification of *Corra* is set forth in a new syllabus point numbered six as follow:

> A criminal defendant cannot invite the circuit court to give an erroneous instruction on a lesser included offense, benefit from that instruction, and then complain on appeal, or in a collateral attack, that such instruction should not have been given. To the extent that Syllabus Point 7 of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), is inconsistent, it is hereby modified.

The Court's reasoning is both legally and factually flawed, and is constitutionally unsupportable.

First, the majority gives lip-service to this Court's recent decision in *Montgomery* by circumventing the applicability of *Montgomery* in three short sentences:

1

Initially, we note that earlier this term, we held that "[a] criminal prosecution requires the existence of an accusation charging the commission of an offense. Such an accusation, either in the form of an indictment or an information, is an essential requisite of a circuit court's jurisdiction." Syllabus Point 3, *Montgomery v. Ames*, 241 W. Va. 615, 827 S.E.2d 403 (2019). Clearly, *Montgomery* is inapplicable as Petitioner was properly charged in an indictment. Petitioner's own action – offering the lesser included offense jury instruction – did not deprive the circuit court of subject matter jurisdiction.

In *Montgomery*, the petitioner filed a petition for writ of habeas corpus, alleging that his guilty plea by information, rather than by indictment, to a charge of first-degree murder was illegal and improper. Following plea negotiations, the petitioner had agreed to plead guilty by way of information in exchange, in part, for the State refraining from pursuing other possible charges against the petitioner arising from the same facts and agreeing that the proper disposition was life without mercy. 241 W. Va. at 619, 827 S.E.2d at 407. Accordingly, the State filed an information, which we acknowledged was "an agreement between the State and the defendant to proceed without the formalities of a grand jury indictment." *Id*. at 622, 827 S.E.2d at 410. On appeal, the issues before the Court were whether the petitioner had waived his right to an indictment by agreeing to allow the State to proceed with an information, and whether the circuit court lacked jurisdiction to accept the plea because there was no indictment. *Id*. at 621-22, 827 S.E.2d at 409-10.

On the waiver issue, this Court held that

[a] defendant may waive his constitutional right to a grand jury indictment as provided in article III, section 4 of the West Virginia Constitution and elect to be prosecuted by information in accordance with the provisions of Rule 7 of the

2

West Virginia Rules of Criminal Procedure if such waiver is made intelligently and voluntarily.

241 W. Va. at 617, 827 S.E.2d at 405, Syl. Pt. 7. Critical to the waiver of the indictment, however, was the recognition by the Court that there had been a different *charging instrument*—an information—that is required by our Constitution and is necessary for the circuit court's subject-matter jurisdiction.

Essential to understanding how the majority's analysis in this case goes completely off the track is a review of the Court's recent holding in syllabus point three of *Montgomery*: "A criminal prosecution requires the existence of an accusation charging the commission of an offense. Such an accusation, either in the form of an indictment or an information, *is an essential requisite of a circuit court's jurisdiction.*" *Id*. at 617, 827 S.E.2d at 404, Syl. Pt. 3 (emphasis added). In so holding, we explained:

> Nevertheless, we are mindful that an information acts in lieu of or as a substitute for an indictment and its validity is therefore essential to a circuit court's jurisdiction. . . . Such an accusation, either in the form of an indictment or an information, is an essential requisite of a circuit court's jurisdiction. *See, e.g., Malone [v. Comm.]*, 30 S.W.3d [180] at 183 [(Ky. 2000)] ("In Kentucky, subject matter jurisdiction over a felony offense may be invoked either by a grand jury indictment or by information in cases where the individual consents."); *accord Wells v. Sacks*, 115 Ohio App. 219, 184 N.E.2d 449 (Ohio 1962). Thus, if an accused has not validly waived his or her constitutional right to an indictment, an indictment is still the mandatory charging instrument.

241 W. Va. at 623, 827 S.E.2d at 411.

3

In the instant case, while the circuit court clearly had jurisdiction over the counts contained in the indictment handed down by the grand jury—burglary, two counts of second-degree sexual assault, kidnapping, and violation of a protective order—even the State acknowledged in its supplemental brief that "[t]he indictment did not charge Petitioner with abduction with intent to defile." Given the lack of any charging instrument, either an indictment or an information, for the crime of abduction with intent to defile, "an essential requisite of" the circuit court's jurisdiction simply does not exist in this case. *Id.* at 617, 827 S.E.2d at 404, Syl. Pt. 3, in part. This jurisdictional defect mandates reversal of the circuit court's denial of the petitioner's request for habeas relief; the lack of either an indictment or information charging the offense of abduction with intent to defile deprived the circuit court of subject-matter jurisdiction.

It is hornbook law that subject-matter jurisdiction simply cannot be waived. As this Court stated in *State v. Tommy Y., Jr.*, 219 W. Va. 530, 637 S.E.2d 628 (2006):

> 'Jurisdiction is made up of two components, i.e., (a) personal jurisdiction and (b) subject-matter jurisdiction. . . . A court must have both personal and subject-matter jurisdiction before it may act on a criminal charge. . . . A court acquires personal jurisdiction by the accused's presence before the court, irrespective of the events procuring his presence. . . . Subject-matter jurisdiction entails the power of a court to hear a case, determine the facts, apply the law and set a penalty. . . . Subject-matter jurisdiction cannot be conferred by agreement, consent, or waiver. . . . A judgment rendered by a court without jurisdiction to pronounce it is wholly void and without any force or effect whatever. . . . Jurisdiction may be challenged at any time during the pendency of the proceedings and for the first time on appeal. . . .'

*Id*. at 536, 637 S.E.2d at 634 (quoting *State v. Haase*, 446 N.W.2d 62, 64-65 (S.D. 1989); *see Miller*, 197 W. Va. at 598 n.12, 476 S.E.2d at 545 n.12 ("'Since a jurisdictional defect cannot be waived, the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.'") (quoting Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, I-687 (1994) (citing *Gov't of Virgin Is. v. Pemberton*, 813 F.2d 626, 631 (3rd Cir.1987).).

It is also important to note that even if the majority had correctly set aside the abduction with intent to defile conviction, the petitioner stands convicted of other very serious criminal conduct, including burglary without breaking and second-degree sexual assault. The circuit court sentenced the petitioner to a term of one to fifteen years for the burglary conviction and twenty to twenty-five years for his sexual assault conviction. The sexual assault sentence was enhanced pursuant to a recidivist conviction after the petitioner was found guilty of being twice convicted of a second felony offense, being voluntary manslaughter. Additionally, the sexual assault sentence was ordered by the circuit court to run consecutive to his other sentences. Consequently, had the majority found that there was no subject-matter jurisdiction to convict the petitioner for abduction with intent to defile, there would be minimal impact on the significant sentence imposed on the petitioner for the terrible crimes he unquestionably committed.

Further, the majority opinion fails to appreciate the constitutional underpinning of the need for a charging instrument as a prerequisite to conviction of the

crime. And the injustice that arises from the cavalier approach taken by the majority is not one in which great minds can simply disagree. Instead, it is a dismantling of a basic tenet of criminal law, taught in every Criminal Law 101 class, that every defendant has a constitutional right to be convicted of a felony only if it is properly charged in an indictment, information or other charging instrument. This concept is well-entrenched in our law. In *State v. Knight,* 168 W. Va. 615, 285 S.E.2d 401 (1981), this Court recognized the constitutional necessity of an indictment in a criminal prosecution, stating that

> [o]ne of the basic requirements in a criminal prosecution is that the defendant be fully informed, from the time he is first brought into court, of the charge against him. *State v. Grimmer*, [162] W. Va. [588], 251 S.E.2d 780 (1979). The defendant must be brought before the court on an indictment which fully and plainly informs him of the character and cause of the accusation. W. Va. Constitution, art. 3, § 4 and § 14[;] *State v. Furner*, [161] W. Va. [680], 245 S.E.2d 618, 619 (1978); *Hubbard v. Spillers*, 157 W. Va. 522, 202 S.E.2d 180 (1974); *State v. LaManca*, 142 W. Va. 549, 96 S.E.2d 667 (1957); *State v. McGraw*, 140 W. Va. 547, 85 S.E.2d 849 (1955); *State v. Johnson*, 134 W. Va. 357, 59 S.E.2d 485 (1954). If the indictment here charges the crime for which the defendant was convicted, then there are no constitutional problems; *if it in some way fails to charge the crime, then the conviction must be reversed*.

168 W. Va. at 619-20, 285 S.E.2d at 404-05 (emphasis added).

Justice Cleckley also discussed this principle in *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995):

> It is well settled law that a defendant has a right under the Grand Jury Clause of Section 4 of Article III of the West Virginia Constitution to be tried only on felony offenses for which a grand jury has returned an indictment. In unbroken precedent, this Court has stated: "'*A valid indictment or presentment can be made only by a grand jury; and no court*

6

> *can make an indictment in the first instance or alter or amend the substance of an indictment returned by a grand jury.'* Syllabus Point 5, *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955)."

*Id.* at 280, 456 S.E.2d at 7 and Syl. Pt. 1 (emphasis added); *but see id.* at 279, 456 S.E.2d at 6, Syl. Pt. 2 (modifying *McGraw* to allow the circuit court to make amendments to an indictment that are not substantial). This Court subsequently held in *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996), that "[o]ur decisions hold that a fundamental principle stemming from Section 5 of Article III of the West Virginia Constitution is that a criminal defendant only can be convicted of a crime charged in the indictment." 197 W. Va. at 599, 476 S.E.2d at 546; *see State v. Boyd*, 209 W. Va. 90, 93, 543 S.E.2d 647, 650 (2000) ("We, therefore, believe it is abundantly clear that felony criminal proceedings commence with either the filing of a complaint or by indictment.").

The United States Supreme Court discussed the importance of this fundamental constitutional principle:

> The Court has long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways. As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime. *See, e.g., Ford v. United States*, 273 U.S. 593, 47 S. Ct. 531, 71 L. Ed. 793 (1927); *Salinger v. United States*, 272 U.S. 542, 47 S. Ct. 173, 71 L. Ed. 398 (1926). *See also Berger v. United States, supra*; *Hall v. United States,* 168 U.S. 632, 638-640, 18 S. Ct. 237, 239-240, 42 L. Ed. 607(1898). Indeed, a number of longstanding doctrines of criminal procedure are premised on

the notion that each offense whose elements are fully set out in an indictment can independently sustain a conviction.

*United States v. Miller*, 471 U.S. 130, 136 (1985).

But what transpired below, and now approved by the majority, is a substantive or constructive amendment to the grand jury indictment, which is not condoned either by the state or federal constitution. As the United States Court of Appeals for the Fourth Circuit stated in *United States v. Foster*, 507 F.3d 233 (4th Cir. 2007):

> A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury. *United States v. Floresca*, 38 F.3d 706, 714 (4th Cir.1994) (*en banc*). We have referred to constructive amendments of a federal indictment as fatal variances because "the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir.1999) (citation and internal quotation marks omitted). Constructive amendments are error *per se* and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal even when not preserved by objection." *Floresca*, 38 F.3d at 714.

*Foster*, 507 F.3d at 242. On this issue we held in syllabus point three of *Adams* that "[a]ny substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury." 193 W. Va. at 279, 456 S.E.2d at 6, Syl. Pt. 3, in part.

Instead of recognizing the jurisdictional and constitutional violations that occurred below, the majority adds insult to injury by modifying our existing law in an effort

8

to condone the jurisdictional and constitutional deprivations. Turning to the damage done by the majority in its modification of *Corra*, we held in no uncertain terms that "[w]hen a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, *then per se error has occurred, and the conviction cannot stand and must be reversed*." 223 W. Va. at 575-76, 678 S.E.2d at 308-09, Syl. Pt. 7 (emphasis added). Significantly, in reaching its holding in *Corra*, this Court faced a factual situation on all fours with the instant case: "[t]here [was] no doubt that the defendant was convicted of a different crime than that for which he was indicted." *Id*. at 580, 678 S.E.2d at 313.

Moreover, in *Corra*, just as in the instant case, the State argued that the defendant had waived any error arising from the fact that the State had charged him with violating the wrong statute,[1] because defense counsel never objected before the jury returned its verdict and defense counsel agreed in the charge conference that beer was an alcoholic liquor, telling the circuit court "'there is no issue here.'" *Id*. at 579, 678 S.E.2d at 312. Additionally, the State argued in *Corra* that the defendant had invited the error because his counsel told the circuit court that it was not necessary to instruct the jury about

---

[1] In *Corra*, the indictment charged the defendant with a violation of West Virginia Code § 60-3-22a(b) (1986), which prohibited a person from knowingly furnishing "'alcoholic liquors'" to individuals under the age of twenty-one. 223 W. Va. at 578, 678 S.E.2d at 311. In fact, the State could only prove that the defendant furnished beer to persons under twenty-one. Thus, the defendant should have been charged with furnishing nonintoxicating beer under West Virginia Code § 11-16-19(c) (2005). *See* 223 W. Va. at 579, 678 S.E.2d at 312.

9

the definition of "'alcoholic liquor' because beer was alcohol." *Id.* This Court rejected the State's argument, determining that "[w]e believe that, even if the record demonstrated that the defendant waived, forfeited or invited error, the jury verdict must be reversed." *Id.* at 582, 678 S.E.2d at 315.

The majority's position set forth in its new syllabus point is that a defendant can invite error such that it allows him to be convicted of a felony for which he was never charged. Despite this new law, when applying it to the facts of this case, it is undeniable that neither the petitioner, the State, nor the circuit court understood that the crime of abduction with intent to defile was *not* a lesser included offense of the crime of kidnapping. *Compare* W. Va. Code § 61-2-14 (1984)(providing for abduction with intent to defile) *with* W. Va. Code § 61-2-14a (1999)(providing for kidnapping). Instead it is a separate felony to which the State now concedes: "[t]he State agrees with Petitioner that abduction with intent to defile is not a lesser included offense of kidnapping."

The State's concession of error is crucial to this case because the majority has now modified the decision *Corra* to allow the State to convict a defendant of a crime for which he was never charged so long as the defendant invited the circuit court "to give an erroneous instruction on a lesser included offense, [and] benefit from that instruction." Given that the petitioner's attorney, the State, and the circuit court were all unaware of the fact that abduction with intent to defile was its own crime, not a lesser included offense, it is absurd to hold the unassuming, unsophisticated petitioner responsible for something for

10

which even the professionals lacked knowledge. In this regard, as we stated in *Montgomery*, despite the constitutional requirement of indictment,

> just as an accused may waive his constitutional rights to assistance of counsel and trial by jury, which are designed for the protection of his or her personal rights, an accused may waive the similar personal right of indictment by a grand jury. *An accused may waive sundry constitutional rights and privileges, if he or she does so intelligently and voluntarily*.

241 W. Va. at 625, 827 S.E.2d at 413 (footnote omitted and emphasis added).  In this case, there is no intelligent and voluntary waiver of the constitutional right to be charged with a felony in an indictment when none of the individuals charged with upholding the petitioner's constitutional rights—certainly not the petitioner's counsel or the circuit court—understood that the crime for which the petitioner was convicted was not a lesser included offense of the crime for which he was indicted.

Further, the two cases relied upon by the Court for the proposition that "[c]learly, our prior jurisprudence has affirmed convictions where criminal defendants have offered jury instructions of unindicted offense, like *Tidwell*, and where a conviction would otherwise be barred by the statute of limitations, like *Boyd*[,]" are of no moment where, as in the instant case the court of conviction lacked subject-matter jurisdiction. *See State v. Tidwell*, 215 W. Va. 280, 599 S.E.2d 703 (2004); *State v. Boyd*, 209 W. Va. 90, 543 S.E.2d 647 (2000).  Significantly, in *Tidwell*, the unindicted offense was a lesser included offense of the crime charged in the indictment.  *See* 215 W. Va. at 281, 599 S.E.2d at 704.  This Court has found that

11

> Rule 31(c) of the West Virginia Rules of Criminal Procedure provides, however, that a "defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." In other words, a defendant may be convicted of a lesser included offense of the specific charge set forth in the indictment without violating the constitutional notice requirement.

*State v. Henning*, 238 W. Va. 193, 196, 793 S.E.2d 843, 846 (2016); *accord State v. Bland*, 239 W. Va. 463, 467, 801 S.E.2d 478, 482 (2017) (discussing *Henning* and the fact that one can be convicted of a lesser included offense of a specific charge in indictment). Moreover, *Boyd* involved the defendant's request for the jury to be instructed on a lesser-included misdemeanor offense even though the misdemeanor offense was time-barred. 209 W. Va. at 91-92, 543 S.E.2d at 648-49. Ironically, in *Boyd*, in determining that the defendant waived the statute of limitations defense to the misdemeanor crime for which he sought the instruction, this Court found that "[w]e agree with the courts which hold that the statute of limitations in a criminal case does not go to the jurisdiction of the court. Consequently, the expiration of a statute of limitations does not terminate a court's jurisdiction over the subject matter." *Id*. at 93, 543 S.E.2d at 650.

Additionally, the majority places great weight on the United States Supreme Court's decision in *Currier v. Virginia*, 138 S. Ct. 2144 (2018), for the proposition that a defendant can consent to proceeding in a certain manner that precludes his later complaint "that such proceeding—that he requested—violated a constitutional protection." Such reliance is misguided as *Currier* does not address the pivotal problem before the Court—

12

that the circuit court lacked subject-matter jurisdiction over the crime for which the petitioner stands convicted. Further, even the Supreme Court has stated that "[o]bjections to subject-matter jurisdiction . . . may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011).

In other words, the law relied upon by the majority to create the modification to *Corra* simply does not provide the legal justification claimed by the majority.

For the foregoing reasons, I respectfully dissent.