543 S.E.2d 647

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Clarence E. BOYD, Defendant Below, Appellant.

No. 27661.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 12, 2000.

Pamela Jean Games–Neely, Esq., Prosecuting Attorney, Christopher C. Quasebarth, Esq., Assistant Prosecuting Attorney, Martinsburg, West Virginia, Attorneys for the Appellee.

John P. Adams, Esq., Vito Mussomeli, Esq., Public Defender Corporation, Martinsburg, West Virginia, Attorneys for the Appellant.

MAYNARD, Chief Justice:

The appellant, Clarence E. Boyd, was convicted in the Circuit Court of Berkeley County, West Virginia, for possession of a controlled substance after having been indicted for felony possession with intent to deliver. He requests that this Court set aside his conviction, finding that the statute of limitations had run on the misdemeanor offense. We decline to do so.

The facts are not in dispute. On October 18, 1997, the appellant was arrested and charged by criminal complaint with one felony count of possession with intent to deliver a Schedule I controlled substance, marijuana, in violation of W.Va.Code § 60A–4–401(a) (1983) and two misdemeanor weapons counts. On the day in question, the appellant had in his possession a concealed and deadly weapon, nunchakus, without license or authorization in violation of W.Va.Code § 61–7–3(a) (1989). He also violated W.Va.Code § 61–7–7 (2000) due to possessing the deadly weapon after having been previously convicted of a felony in 1978. On November 5, 1998, the grand jury returned an indictment against the appellant charging him with all three offenses.

Defense counsel and the State subsequently requested that the misdemeanor counts be dismissed "upon grounds that the relevant statute of limitations applicable to the prosecution of misdemeanors absolutely bars the State from proceeding in this matter or attempting to proceed further toward an adjudication of these matters."[1] The court granted the motion and entered an agreed order on January 4, 1999.

A jury trial was held on the sole remaining felony count on March 11, 1999. At the close of evidence, the appellant successfully requested a jury instruction on the lesser included misdemeanor offense of possession of a Schedule I controlled substance. The jury convicted the appellant of the lesser included offense. After the completion of his trial, the appellant moved the court to set aside the verdict on the basis that the conviction was void. He argued that pursuant to W.Va. Code § 61–11–9 and *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954), the statute of limitations had run on the lesser included misdemeanor offense. The circuit court denied the motion, concluding

that this case is distinguishable from *King*, in that the "prosecution was commenced" by the arrest of the Defendant on the date of the offense and his arraignment before a Magistrate that same day, October 18, 1997. This was not a direct indictment as

---

1. The statute of limitations is contained in W.Va. Code § 61–11–9 (1923), which reads in pertinent part, "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed, except that a prosecution for petit larceny may be commenced within three years after the commission of the offense[.]"

well may have been the case in *King*, and there was no "commencement of prosecution" after a year. Further, the Defendant himself had requested the inclusion of the lesser included misdemeanor in the jury verdict, a request to which the State did not object, benefitted by its inclusion, and cannot now be heard to object to being prosecuted upon that score.

The appellant was sentenced to four months of confinement in the regional jail; the sentence was suspended and he was placed on probation for two years. It is from this order the appellant appeals.

On appeal, the appellant contends the circuit court erred by holding: (1) that a felony prosecution commences at the time of a valid arrest which distinguishes this case from *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954); and (2) that the appellant's request for a lesser included offense instruction acted as a waiver of the statute of limitations defense. The State argues persuasively that the circuit court did not err because *King* is distinguishable from the case at bar in that *King* commenced with an indictment while this case began with a criminal complaint. The State also argues the appellant waived the statute of limitations defense by requesting and receiving the benefit of the lesser included offense instruction.

■ In order to decide whether the appellant's conviction should be upheld or vacated, we must determine when the prosecution in this case "commenced" for purposes of W.Va. Code § 61–11–9. At first blush, Syllabus Point 5 in *King* appears to demand that we discharge the appellant's conviction. The syllabus point reads as follows:

The provision of Code, 61–11–9, which provides that "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed, * * * ", read in *pari materia* with Code, 62–2–1, which provides that "Prosecutions for offenses against the State, unless otherwise provided, shall be by presentment or indictment" serves to bar a conviction of a misdemeanor had under an indictment for a felony, which embraces the misdemeanor, where the indictment was not re-

turned within one year after the offense charged therein was committed.

The language contained in W.Va.Code § 62–2–1 (1923) does not, by its own terms, require a prosecution to commence by indictment.

This Court previously commented on the issue now before us by stating that "[a] criminal proceeding is initiated by an arrest procedure under W.Va.Code, 62–1–1, *et seq.*, but can be accomplished by a person being indicted by the grand jury." *State ex rel. Rowe v. Ferguson*, 165 W.Va. 183, 189, 268 S.E.2d 45, 48 (1980). More recently, we specifically considered the pertinent question, "[W]hen does a criminal proceeding commence?" *State v. Bruffey*, 207 W.Va. 267, 273, 531 S.E.2d 332, 338 (2000). This Court determined in *Bruffey* that the answer lies in the West Virginia Rules of Criminal Procedure for Magistrate Courts. We note that Rule 3 of the Rules of Criminal Procedure for Magistrate Courts and Rule 3 of the Rules of Criminal Procedure are identical. These rules read as follows:

The complaint is a written statement of the essential facts constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred. Unless otherwise provided by statute, the presentation and oath or affirmation shall be made by a prosecuting attorney or a law enforcement officer showing reason to have reliable information and belief. If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument *initiating a criminal proceeding.* (Emphasis added).

Moreover, W.Va.Code § 50–4–2 (1997) is titled "Commencement of criminal prosecutions" and states:

Except where the provisions of this code or rule of the supreme court of appeals permit the commencement of a criminal prosecution through the issuance of a citation, *a criminal prosecution shall be commenced by the filing of a complaint* in accordance with the requirements of rules of the supreme court of appeals. (Emphasis added).

Undoubtedly, "[t]he complaint . . . is the initial step in the prosecution, . . . [and] it commences the action." 22 C.J.S. *Criminal Law* § 324 (1989).

The appellant in the case *sub judice* was arrested and arraigned before a magistrate on the day the offense was committed. The magistrate signed the criminal complaint, thereby initiating the criminal proceeding. Within three weeks, a preliminary hearing was held wherein. sufficient evidence was found to support a finding of probable cause on the felony charge. The case was then bound over to the grand jury who returned an indictment against the appellant in November 1998.

This activity seems to stand in stark contrast to the activity contained in the facts of the *King* case. The activity in *King* consisted of the return of an indictment nearly two years after the date the offense was committed. In fact, the first statement in the opinion reads, "In this criminal prosecution of State of West Virginia against Lewis M. King, the defendant was indicted by a grand jury convened at the October term, 1953, of the Circuit Court of Monongalia County, for the commission of a felonious assault." *King*, 140 W.Va. at 364, 84 S.E.2d at 314. If earlier activity had occurred in the case, surely the facts would state as much.

■ We, therefore, believe it is abundantly clear that felony criminal proceedings commence with either the filing of a complaint or by indictment. Thus, the filing of a criminal complaint charging possession with intent to deliver a Schedule I controlled substance, in violation of W.Va.Code § 60A–4–401(a), commences prosecution on that offense and tolls the statute of limitations. Inasmuch as Rule 3 of the Rules of Criminal Procedure and Rule 3 of the Rules of Criminal Procedure for Magistrate Courts provide that a filed complaint is a "charging instrument initiating a criminal proceeding[,]" the holding of Syllabus Point 5 of *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954), is hereby clarified. The statute of limitations does not bar conviction of a lesser included offense when prosecution has earlier commenced by filing a criminal complaint within the statute of limitations. Filing the complaint tolls the running of the statute of limitations.

■ Notwithstanding the fact that this case is not time-barred, even if it were, the appellant waived the statute of limitations when he requested the lesser included offense instruction.[2] The protection afforded by a statute of limitations does not constitute a fundamental right under the federal or our state constitution. Rather, a statute of limitations is a statutory act of grace that West Virginia, as a sovereign state, confers in order to limit its right to prosecute criminal offenders. *See State v. Timoteo*, 87 Hawai'i 108, 113, 952 P.2d 865, 870 (1997) ("[T]he protection of a statute of limitations does not constitute a fundamental right under the United States Constitution or the Hawai'i Constitution, but rather, a mere statutory act of grace that the sovereign state has conferred in order to limit its right to prosecute criminal offenders."). (Citation omitted). Therefore, "a few courts have held that the statute of limitations is jurisdictional and cannot be waived, [but] the vast majority of federal and state courts have held that the statute of limitations is an affirmative defense which can be waived." *State v. Bowers*, 349 Md. 710, 729 n. 7, 709 A.2d 1255, 1264 n. 7 (1998). (Citations omitted).

■ We agree with the courts which hold that the statute of limitations in a criminal case does not go to the jurisdiction of the court. Consequently, the expiration of a statute of limitations does not terminate a court's jurisdiction over the subject matter. In a case where the defendant is not indicted within one year of the date on which an offense is committed but requests the circuit court to instruct the jury on a time-barred lesser included offense, the defendant by that act waives the statute of limitations defense. In this case, the appellant was indicted for possession with intent to deliver but, at the

---

**2.** We do not have a situation here where the State obtained an indictment and subsequently entered a nolle prosequi so that a new indictment could be obtained on the same offense which did not violate the statute of limitations. If that were the case, the result might be different.

close of trial, requested and got an instruction on simple possession.

The requested charge was obviously in the appellant's best interest. He requested the charge, was convicted under the charge, and benefitted from the charge. He cannot now complain of the result. His actions constitute a waiver of the time limitation contained in W.Va.Code § 61–11–9. To hold otherwise would allow defendants to sandbag trial judges by requesting and approving an instruction they know or should know would result in automatic reversal if given. "After a guilty verdict has been returned based on the requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error." *Weber v. State,* 602 So.2d 1316, 1319 (Fla.App. 5 Dist.1992).

Based on the foregoing, the order of the circuit court is hereby affirmed.

Affirmed.