599 S.E.2d 703

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**David TIDWELL, IV, Defendant Below, Appellant.**

**No. 31595.**

Supreme Court of Appeals of West Virginia.

Submitted: April 13, 2004.

Filed: June 28, 2004.

Darrell V. McGraw, Jr., Esq., Attorney General, Dawn E. Warfield, Esq., Deputy Attorney General, Charleston, West Virginia, Attorney for the Appellee.

Mark Hobbs, Esq., Chapmanville, West Virginia, Attorney for the Appellant.

PER CURIAM:

This case is before this Court upon the appeal of David Tidwell, IV, from the December 16, 2002, order of the Circuit Court of Mingo County, West Virginia, sentencing him to 1 year in jail upon his conviction of petit larceny, a misdemeanor, and to 1 to 5 years in the penitentiary upon his conviction of unlawful assault, a felony. The Circuit Court directed that the sentences be served consecutively. The convictions arose from a jury trial upon an indictment alleging that appellant Tidwell beat and robbed a 15 year old boy in Red Jacket Community Park in Mingo County.

As the instructions given by the Circuit Court at trial permitted, the jury found Tidwell guilty of petit larceny as a lesser included offense under the charge of robbery in the first degree. Moreover, the jury found Tidwell guilty of unlawful assault as a lesser included offense under the separate charge of assault during the commission of a felony (robbery in the first degree). Questioning whether the Circuit Court acted correctly in instructing the jury that unlawful assault is a lesser included offense of assault during the commission of a felony, Tidwell asserts that, in any event, his constitutional protections against Double Jeopardy were violated because, inasmuch as he was convicted of petit larceny rather than robbery in the first degree, there was no underlying felony upon which to sustain a conviction for either assault during the commission of a felony or unlawful assault. Consequently, appellant Tidwell contends that his conviction and sentence for unlawful assault should be set aside.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, it is unnecessary for this Court to consider at length or discuss the merits of appellant Tidwell's assertions. That is because the instruction allowing the jury to find Tidwell guilty of unlawful assault as a lesser included offense of assault during the commission of a felony was proposed by appellant Tidwell himself. Nor did Tidwell object to the inclusion of that instruction in the Circuit Court's charge to the jury or to the verdict form relating thereto. Thus, any error concerning the unlawful assault conviction was invited by the appellant.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of March 23, 2002, Michael Eugene N., age 15, was allegedly beaten and robbed in Red Jacket Community Park in Mingo County by appellant Tidwell, age 18, and three boys, ages 13 to 16. According to the State, Tidwell instigated the attack, kicked Michael Eugene N. while Michael was on the ground and took from him a silver neck chain and $25 in cash. As a result of the beating, Michael Eugene N. sustained bleeding about his nose and lip, a bruise on his back and, as later determined at a local hospital, traces of blood in his urine. A CAT scan was negative. Soon after, appellant Tidwell was arrested, and juvenile delinquency proceedings were instituted against the three boys.

In September 2002, a Mingo County grand jury indicted Tidwell for the offense of robbery in the first degree. As *W.Va.Code,* 61–2–12(a) [2000], provides in part, that offense involves robbery by violence to the person in the form of partial strangulation or suffocation or by "striking or beating," and a criminal defendant convicted thereof "shall be imprisoned in a state correctional facility not less than ten years." In a separate count, the grand jury indicted Tidwell for the offense of assault during the commission of a felony (robbery in the first degree). In that regard, *W.Va.Code,* 61–2–10 [1923], states:

If any person in the commission of, or attempt to commit a felony, unlawfully

shoot, stab, cut or wound another person, he shall be guilty of a felony, and, upon conviction, shall, in the discretion of the court, either be confined in the penitentiary not less than two nor more than ten years, or be confined in jail not exceeding one year and be fined not exceeding one thousand dollars.

The appellant's trial was conducted on November 6 and 8, 2002, during which Tidwell testified and denied any involvement in the beating or robbery of Michael Eugene N. At the conclusion of the trial, the jury was given a verdict form which contained the following options with regard to Count 1 of the indictment: (1) guilty of robbery in the first degree, (2) guilty of petit larceny or (3) not guilty. In addition, the form contained the following options with regard to Count 2:(1) guilty of assault during the commission of a felony (robbery in the first degree), (2) guilty of unlawful assault or (3) not guilty. As stated above, the jury found appellant Tidwell guilty of petit larceny and unlawful assault.

On December 16, 2002, the Circuit Court sentenced Tidwell to consecutive terms of 1 year upon the petit larceny conviction and 1 to 5 years upon the unlawful assault conviction. Thereafter, new counsel was appointed for Tidwell for purposes of appeal.

## II.

### DISCUSSION

Appellant Tidwell cites *State v. Penwell,* 199 W.Va. 111, 116, 483 S.E.2d 240, 245 (1996), and *State v. Simmons,* 130 W.Va. 33, 43–44, 42 S.E.2d 827, 833 (1947), for the proposition that *W.Va.Code,* 61–2–10 [1923], prescribing assault during the commission of a felony, is merely a sentence enhancement statute as to which no lesser included offenses were contemplated by the West Virginia Legislature. Therefore, Tidwell suggests, having been found innocent of assault during the commission of a felony, he should have been found not guilty under Count 2 of the indictment since *W.Va.Code,* 61–2–10 [1923], has no lesser included offenses such as unlawful assault. In addition, appellant Tidwell contends that, inasmuch as he was

convicted of petit larceny under Count 1 of the indictment rather than robbery in the first degree, there was no underlying felony upon which to sustain a conviction for either assault during the commission of a felony or unlawful assault. Thus, asserting that the unlawful assault conviction was derivative of a robbery which the jury determined he did not commit, Tidwell argues that his constitutional protections against Double Jeopardy were violated and that his conviction and sentence for unlawful assault should have been set aside.

■ As stated above, it is unnecessary for this Court to consider at length or discuss the merits of appellant Tidwell's assertions since the instruction allowing the jury to find him guilty of unlawful assault as a lesser included offense of assault during the commission of a felony was proposed by Tidwell himself. Any error concerning the unlawful assault conviction was invited by appellant Tidwell.

■ As long recognized, a party cannot invite instructional error and then raise it upon appeal. In syllabus point 5 of *State v. Calhoun,* 67 W.Va. 666, 69 S.E. 1098 (1910), this Court held: "Though there be error in instructions given on behalf of the prevailing party, yet the judgment will not for this reason be reversed if it appears that the same error was introduced into the record by instructions given at the instance of or was invited by the other party." *State v. Angel,* 173 W.Va. 620, 626, 319 S.E.2d 388, 395 (1984); *State v. Dozier,* 163 W.Va. 192, 194, 255 S.E.2d 552, 554 (1979); F.D. Cleckley, *Handbook on Evidence for West Virginia Lawyers,* 3.9(B)7.e. (Michie 1986). As stated in 10A M.J., *Instructions* sec. 49 (Matthew Bender & Co.2003): "A party cannot complain of an error in the instructions given at his request or invited by him."

In *State v. Crabtree,* 198 W.Va. 620, 482 S.E.2d 605 (1996), this Court observed that invited error "is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error." 198

W.Va. at 627, 482 S.E.2d at 612. *State v. Flippo*, 212 W.Va. 560, 588 n. 44, 575 S.E.2d 170, 198 n. 44 (2002); *State v. Mann*, 205 W.Va. 303, 312, 518 S.E.2d 60, 69 (1999).

Here, the State joins with appellant Tidwell in casting doubt upon the validity of the instruction which allowed the jury to consider unlawful assault as a lesser included offense of assault during the commission of a felony. However, as the State emphasizes: "In the present case, any error in the trial court proceedings was ... invited by the appellant, because he requested the lesser included offense instruction on unlawful assault. The appellant also expressly stated that he had 'no objections' to any language contained in the Court's charge to the jury or the verdict forms."

A review of the record confirms the State's assessment. During the proceedings below, Tidwell's counsel offered various instructions to the Circuit Court including Defendant's Instruction Number 4 on unlawful assault. That instruction was subsequently incorporated, without objection, into the Circuit Court's charge to the jury wherein the jury was told that a conviction of unlawful assault could be returned under Count 2 of the indictment as a lesser included offense of assault during the commission of a felony. The verdict form reflecting that option was not objected to by appellant Tidwell.

Given the evidence of the State at trial—that Tidwell, the oldest of the assailants, instigated, and participated in, the alleged beating and robbery which resulted in physical injury to Michael Eugene N.,—the requesting of an instruction on unlawful assault as a lesser included offense under Count 2 is understandable. However, as noted in *State v. Boyd*, 209 W.Va. 90, 543 S.E.2d 647 (2000): "[The defendant] requested the charge, was convicted under the charge and benefitted from the charge. He cannot now complain of the result." 209 W.Va. at 94, 543 S.E.2d at 651. Similarly, under the circumstances of this case, appellant Tidwell cannot complain that the jury found him guilty of unlawful assault.

### III.

### CONCLUSION

Upon all of the above, the order of the Circuit Court of Mingo County, entered on December 16, 2002, is affirmed.

Affirmed.