# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

vs) **No. 14-0819** (Morgan County 13-M-AP-06)

**Joseph Caldwell, Defendant Below,
Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph Caldwell, by counsel Joseph R. Kinser, appeals the Circuit Court of Morgan County's July 2, 2014, order denying his appeal from a magistrate criminal proceeding. The State, by counsel Christopher S. Dodrill, filed a response. On appeal, petitioner alleges that the circuit court erred in ruling that the magistrate court did not violate petitioner's right to a speedy trial and that the one-year delay in his arrest did not violate the statute of limitations on misdemeanors.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, petitioner drove his vehicle into a tree. While EMS personnel worked to free him from the vehicle, petitioner allegedly stated that he had been drinking alcohol. Petitioner suffered substantial injuries and had to be flown to the hospital, where he spent a month recovering from his injuries. As a result, police were unable to conduct any sobriety tests. The following month, the State filed a criminal complaint against petitioner in the Magistrate Court of Morgan County for the misdemeanor offense of driving under the influence ("DUI") and an arrest warrant was issued. According to the record on appeal, law enforcement "elected not to immediately arrest [petitioner] because of the seriousness of [his] injuries." Further, at the time of the incident, petitioner was on probation for unrelated charges and regularly reporting to a probation officer.

During a meeting with his probation officer on December 5, 2012, petitioner was notified that a warrant had been issued for his arrest on the DUI charge. The officer advised petitioner to report to magistrate court to resolve the matter. Thereafter, the outstanding warrant was executed. Petitioner was arraigned and released on a personal recognizance bond. Five days later, petitioner was charged with unrelated drug crimes and his probation was revoked. According to

1

the State, petitioner remained incarcerated during the pendency of the proceeding at issue on unrelated charges and probation violations.

Petitioner first appeared in magistrate court on January 15, 2013, and a jury trial was scheduled for March of that year. However, the State had yet to receive blood tests subpoenaed from the out-of-state hospital that treated petitioner, so the trial was continued to April 2013. When the blood tests were still not produced, the State asked for a second continuance that was granted, and the trial was continued until August 14, 2013. Petitioner thereafter filed a motion to dismiss the charges against him on the grounds that the statute of limitations had run on his DUI charge and he alleged that the continuances were without good cause. The trial was again continued so that the parties could brief and argue the motion to dismiss, which was ultimately denied on October 3, 2013. Petitioner then entered a conditional guilty plea, but reserved the right to appeal the ruling on the motion to dismiss. Following petitioner's appeal, the circuit court held argument on this issue. Ultimately, the circuit court denied petitioner's appeal by order entered on July 2, 2014. It is from the resulting order that petitioner appeals.

We have previously held as follows:

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W.Va. 267, 531 S.E.2d 332 (2000). Upon our review, we find no error in the circuit court denying petitioner's appeal. To begin, it is clear that petitioner's right to a speedy trial was not violated. We have previously held that

"[o]rdinarily, unless good cause for delay exists, criminal trials in magistrate court should be commenced within one hundred and twenty days of the [execution] of a warrant; however, good cause for delaying a trial beyond one hundred and twenty days must be judged by the standards applicable under W.Va.Code, 62-3-1 [1975] to postponements in circuit court beyond one term of court and, consistent with our rules for circuit courts, absence of good cause cannot be presumed from a silent record." Syllabus Point 2, as modified, *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982).

Syl. Pt. 4, *State ex rel. Johnson v. Zakaib*, 184 W.Va. 346, 400 S.E.2d 590 (1990). While it is true that petitioner's trial did not commence within 120 days of his arrest, the record is clear that good cause existed for the delays.

According to the record, the State issued a subpoena for the result of petitioner's blood tests from an out-of-state hospital approximately one month after he was arrested and demanded a speedy trial. However, the record shows that two continuances were necessary because the State did not receive the results, which constituted "the only evidence showing [petitioner's]

guilt or innocence," until May 20, 2013. Further, the circuit court held a hearing on petitioner's motion to dismiss approximately two weeks later, and again continued the trial to accommodate briefing and argument on petitioner's motion. Ultimately, it wasn't until October 3, 2013, that the circuit court denied petitioner's motion and he entered his conditional plea. As such, it is clear that petitioner's trial was delayed, in part, by the State's inability to obtain its only evidence through no fault of its own, and, in part, by petitioner's own motion.

The Court notes that petitioner bases this assignment of error, in large part, upon allegations that the State's continuances were obtained through ex parte communications, as counsel never received a motion for continuance or had an opportunity to oppose the same. However, the Court declines to address this issue on appeal, for several reasons. First, petitioner did not raise this argument on appeal to the circuit court. We have previously held that "[t]his Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citing *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)).

While petitioner argues that he did not discover evidence of such ex parte communications until preparing his appeal to this Court, we find this argument without merit because petitioner also argues that an ex parte communication "is the only plausible explanation for the first continuance." As such, regardless of any supposed direct evidence of ex parte communications between the State and the magistrate court discovered in preparation for this appeal, it is clear that petitioner was aware of this issue and could have raised it on appeal to the circuit court. Finally, we refuse to address this issue because petitioner has not alleged any prejudice caused by the delays below. While petitioner argues that he was incarcerated awaiting trial, the record is clear that petitioner was incarcerated on unrelated drug charges and parole violations. For these reasons, the Court finds no violation of petitioner's right to a speedy trial because of the good cause shown on the record for the various continuances.

As to petitioner's argument that the circuit court erred in ruling that the delay between the charge being filed and petitioner's arrest did not violate the statute of limitations on misdemeanors, we find no error. Petitioner admits that the State complied with the requirement of West Virginia Code § 61-11-9 that "[a] prosecution for a misdemeanor shall be commenced within one year after the offense was committed[.]" Indeed, the record is clear that the State filed DUI charges against petitioner approximately one month after the crime. However, petitioner asserts that "[t]he general use of this statute is not at issue" on appeal, and he urges the Court to broaden the scope of that statute to govern delays between the filing of a criminal complaint and the warrant's execution. We decline to do so. We have previously held that "[t]he filing of a criminal complaint . . . commences prosecution on that offense and tolls the statute of limitations." Syl. Pt. 1, *State v. Boyd*, 209 W.Va. 90, 543 S.E.2d 647 (2000). As such, the plain reading of the statute and our prior case law clearly show that the statute of limitations in this matter was not violated as the State filed a criminal complaint within one month of the crime in question.

For the foregoing reasons, the circuit court's July 2, 2014, order denying petitioner's appeal is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II