IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2019 Term

_____

No. 17-1045

_____

ROBERT LEE LEWIS,
Petitioner

v.

DONNIE AMES, Superintendent,
Mt. Olive Correctional Complex
Respondent

FILED

**November 21, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Jennifer F. Bailey, Judge
Civil Action No. 16-P-215

AFFIRMED

_____

Submitted: November 5, 2019
Filed: November 21, 2019

Robert F. Evans, Esquire
Public Defender Services
Charleston, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esquire
Attorney General
John M. Masslon II, Esquire
Special Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE WORKMAN dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.     "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review."  Syllabus Point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

2.     "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."  Syllabus Point 4, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979).

3.     "Under the provisions of Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, commonly known as 'Post-Conviction Habeas Corpus,' there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance."  Syllabus Point 1, *Ford v. Coiner,* 156 W. Va. 362, 196 S.E.2d 91 (1972).

4.     "The crimes of abduction with intent to defile, W. Va. Code, 61-2-14 (1984), and kidnapping with intent to avoid arrest, W. Va. Code, 61-2-14a (1965), are separate offenses."  Syllabus Point 13 of *State v. Fortner*, 182 W. Va. 345, 387 S.E.2d 812 (1989).

5. "Though there be error in instructions given on behalf of the prevailing party, yet the judgment will not for this reason be reversed if it appears that the same error was introduced into the record by instructions given at the instance of or was invited by the other party." Syllabus Point 5, *State v. Calhoun,* 65 W. Va. 666, 69 S.E.2d 1098 (1910).

6. A criminal defendant cannot invite the circuit court to give an erroneous instruction on a lesser included offense, benefit from that instruction, and then complain on appeal, or in a collateral attack, that such instruction should not have been given. To the extent that Syllabus Point 7 of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), is inconsistent, it is hereby modified.

Armstead, Justice:

Petitioner Robert Lee Lewis appeals the circuit court's denial of relief on his petition for writ of habeas corpus. Petitioner asserts three main arguments: (1) Petitioner was unconstitutionally convicted of a crime not included in the indictment; (2) both Petitioner's trial and direct appeal counsel were ineffective for not raising the unindicted acts error; and, (3) Petitioner's sentences are unconstitutionally disproportionate.

We have reviewed the entire record before us, and for the reasons stated below, we find no error.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter represents Petitioner's second habeas corpus petition that has made its way to this Court. *See State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. March 29, 2013)(memorandum decision). We would also note that Petitioner has filed another appeal with this Court challenging his sentence,[1] but such appeal is not currently before us.

Petitioner was convicted of: (1) burglary by entering without breaking; (2) second degree sexual assault; and, (3) based upon a jury instruction Petitioner offered at

---

[1] *State of West Virginia v. Robert Lee Lewis*, West Virginia Supreme Court of Appeals Docket Number 19-0121.

trial, and objected to by the State, abduction with intent to defile as a lesser included offense of kidnapping. The facts of this matter are disturbing, and are set forth in great detail in this Court's prior opinion in *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015). For purposes of this appeal, a complete restatement of those facts is unnecessary. However, we will briefly highlight some of the salient facts supporting Petitioner's conviction.

Petitioner, who had a domestic violence protective order against him prohibiting contact with his ex-girlfriend, knocked on the door of his ex-girlfriend's apartment, and pretended to be someone else. *See id.*, 235 W. Va. 694, 698, 776 S.E.2d 591, 595. This induced his ex-girlfriend to open her door. *See id.* Petitioner then forced his way into the apartment, chased his ex-girlfriend, grabbed her, carried her out of her apartment, and took her a few blocks away to an unoccupied apartment. *See id.* At this unoccupied apartment, Petitioner proceeded to forcibly engage in vaginal intercourse with her. *See id.* After a period of time, she escaped and ran back to her apartment. *See id.*, 235 W. Va. 694, 698-699, 776 S.E.2d 591, 595-596. Petitioner followed her and sat on her front steps until the police arrived and took him into custody. *See id.*, 235 W. Va. 694, 699, 776 S.E.2d 591, 596.

Following his convictions, the State filed a recidivist information, alleging Petitioner had been previously convicted of a felony. *See id.* The jury found "[P]etitioner

2

'guilty of having been twice convicted of a crime punishable by confinement in a penitentiary as contained in the recidivist information.'" *Id.*

> Petitioner was then sentenced to the penitentiary for a term of:
>
> [O]ne to fifteen years for burglary; three to ten years for abduction with intent to defile; and twelve months for violating the domestic violence protective order.[2] In addition, based on the recidivist conviction, the trial court enhanced the petitioner's sentence for second degree sexual assault by increasing the statutory ten to twenty-five year term of imprisonment to twenty to twenty-five years, as provided for in West Virginia Code § 61–11–18 (2014), the recidivist sentencing statute. The trial court also ordered all sentences to be served consecutively with the exception of the twelve-month sentence, which was ordered to run concurrently with the other sentences.

*Id.*, 235 W. Va. 694, 699-700, 776 S.E.2d 591, 596-597 (internal footnote omitted, footnote "2" added).

Initially, Petitioner filed no direct appeal to this Court. However, on January 4, 2012, he filed his first petition for writ of habeas corpus in Kanawha County Circuit Court. Without a hearing, the circuit court denied that petition. Petitioner appealed that denial to this Court, and this Court issued a memorandum decision in *State ex rel. Lewis v. Ballard*, No. 12-0137, 2013 WL 1286150 (W. Va. March 29, 2013)(memorandum decision). In that memorandum decision, this Court remanded that habeas for hearing on the issue of whether there was ineffective assistance of counsel for failing to file a direct

---

[2]     Prior to trial, Petitioner entered a guilty plea to the charge of violating a domestic protection order. *See Lewis*, 235 W. Va. 694, 699, 776 S.E.2d 591, 596.

3

appeal. *See id.*, at \*1-2. On remand, the circuit court entered an Agreed Order Granting in Part and Denying In Part Petition for Writ of Habeas Corpus finding that trial counsel was ineffective for not filing a direct appeal. As a result of this finding, the circuit court resentenced Petitioner and dismissed all other claims as moot.

The resentencing of Petitioner allowed him to timely file a direct appeal to this Court. In that appeal, he raised six issues:

> The petitioner seeks to set aside his conviction for abduction with intent to defile on the basis that the criminal offense set forth in West Virginia Code § 61–2–14(a) (2014) is unconstitutionally vague. He challenges his convictions for abduction with intent to defile and second degree sexual assault on grounds of double jeopardy. The petitioner's remaining assignments of error allege an insufficiency of the State's evidence to convict him of the crimes of burglary and second degree sexual assault, the inadequacy of the jury instruction on abduction with intent to defile, and errors related to his recidivist conviction and sentencing.

*Lewis*, 235 W. Va. 694, 698, 776 S.E.2d 591, 595 (2015). Importantly, all grounds raised in that appeal were previously and finally adjudicated on the merits by the opinion issued by this Court in 2015. *See id.* and W. Va. Code § 53-4A-1(b)(1967). Some of those grounds will be further discussed below.

Following his direct appeal, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of West Virginia. *See Lewis v. Ballard*, Civil Action No. 2:16-CV-03194, 2017 WL 927231(S. D. W. Va., March

4

8, 2017)(not reported in Fed. Supp.). The District Court dismissed Petitioner's petition on the grounds that he had failed to exhaust state remedies. *See id.*, at *1.

Petitioner then filed this second habeas corpus petition in Kanawha County Circuit Court. In this pro se petition, he raised four grounds:

> (1) Petitioner was denied due process of law as secured by the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution when Petitioner was convicted and sentenced for violating W. Va. Code § 61-2-14(a);
> (2) Petitioner was denied due process of law as secured by the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution when he was tried, convicted and sentenced for burglary;
> (3) Petitioner was denied due process of law when the Circuit Court of Kanawha County determined Petitioner had a prior felony conviction and enhanced Petitioner's sentence of sexual assault in the Second Degree, as requested by the State, rather than the burglary sentence; and,
> (4) Petitioner was denied due process of law as secured by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution when the jury was not instructed on the lesser included offenses of battery, sexual misconduct, and sexual abuse in the First Degree.

The circuit court, pursuant to Rule 4(c) of the West Virginia Rules Governing Post Conviction Habeas Corpus Proceedings, summarily dismissed this petition, finding with respect to each ground raised:

> (1) Petitioner's ground one asserts an ordinary trial error, an improper jury instruction, for [sic] which he failed to raise on direct appeal, and is thereby waived.

5

(2) Petitioner's ground two was previously and finally adjudicated upon direct appeal before the Supreme Court of Appeals of West Virginia in *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015).

(3) Petitioner's ground three was previously and finally adjudicated upon direct appeal before the Supreme Court of Appeals of West Virginia in *State v. Lewis*, 235 W. Va. 694, 776 S.E.2d 591 (2015).

(4) Petitioner's ground four asserts an ordinary trial error, an improper jury instruction, for [sic] which he failed to raise on direct appeal, and is thereby waived.

In this pro se appeal from that order, Petitioner raised the following grounds:

(1)Was [P]etitioner denied due process of law as secured by the [Fifth, Sixth, Eighth, and Fourteenth] Amendments to the U.S. Constitution when [P]etitioner was convicted and sentenced for violating W. Va. Code § 61-2-14(a) . . . ?

(2) Are the consecutive sentences imposed on [P]etitioner by the Circuit Court of Kanawha County . . . , a disproportionate sentence and contrary to this Court's ruling in *State v. Davis*. . . ?

(3) Is [P]etitioner's conviction for [a]bduction with intent to defile the result of constructive amendment of the kidnapping indictment, and, therefore a violation of [the Fifth and Fourteenth] Amendments to the U.S. Constitution, and Art[icle] III, §§ 4 [and] 10 of the Constitution of West Virginia?

(4) Was Petitioner denied effective assistance of counsel when Mr. Sullivan asked the judge to instruct the jury on the elements of [a]bduction, a violation of W. Va. Code § 61-11-14(a), despite the fact that the indictment did not allege defendant had abducted [the victim] with the intent to marry or defile her, a violation of the [Fifth, Sixth, and Fourteenth]

6

Amendments to the U.S. Constitution and Art[icle] III, §§ 4, 10, [and] 14 of the [West Virginia] Constitution?

Upon review of this appeal, this Court sua sponte appointed appellate counsel for Petitioner and ordered supplemental briefing on the issue of whether abduction with intent to defile is a lesser included offense of kidnapping. Following review of the entire record, we find that the errors raised in this appeal were either not raised below and therefore waived, or were previously and finally adjudicated on the merits and not clearly wrong. *See* W. Va. Code § 53-4A-1 (1967).

## II. STANDARD OF REVIEW

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus Point 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

## III. ANALYSIS

This matter is an appeal of the circuit court's summary disposition of Petitioner's second petition for habeas corpus. The procedures for filing a habeas corpus

petition were established by our Legislature in 1967. *See* W. Va. Code §§ 53-4A-1-11 (1967). "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syllabus Point 4, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979). Further,

> Habeas corpus serves as a collateral attack upon a conviction under the claim that the conviction was obtained in violation of the state or federal constitution. While our legislature, through the enactment of W. Va. Code, 1931, 53-4A-1 through 11, as amended has provided a broad and effective post-conviction review, we still maintain a distinction, so far as post-conviction remedy is concerned, between plain error in a trial and error of constitutional dimensions. Only the latter can be a proper subject of a habeas corpus proceeding.

*Edwards v. Leverette*, 163 W. Va. 571, 576, 258 S.E.2d 436, 439 (1979).

Two errors raised in this appeal were not raised in the habeas petition when it was filed in the circuit court. Those errors allege a due process violation stemming from Petitioner's burglary conviction and ineffective assistance of counsel of both trial and appellate counsel. West Virginia Code § 53-4A-1(c) provides:

> For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, unless such contention or

8

contentions and grounds are such that, under the Constitution of the United States or the Constitution of this state, they cannot be waived under the circumstances giving rise to the alleged waiver. When any such contention or contentions and grounds could have been advanced by the petitioner before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, but were not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds.

W. Va. Code § 53-4A-1 (1967). "Under the provisions of Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, commonly known as 'Post-Conviction Habeas Corpus,' there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syllabus Point 1, *Ford v. Coiner,* 156 W. Va. 362, 196 S.E.2d 91 (1972).  In addition, our law clearly supports the proposition that any grounds not raised in the petition for habeas corpus are deemed waived.  *See generally Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981).  Accordingly, because Petitioner did not raise either of these issues in the circuit court, we find that these claims are waived.

We do, however, believe that because Petitioner has argued both here and below that there were procedural due process errors relating to his conviction on the unindicted crime of abduction with intent to defile, he has preserved this alleged error for

habeas review. It is undisputed that Petitioner was indicted on the crime of kidnapping. *See* W. Va. Code § 61-2-14a (1999).[3] Yet, he was convicted of an unindicted offense – abduction with intent to defile – the elements of which Petitioner requested the jury be instructed as a lesser included offense to kidnapping. *See* W. Va. Code § 61-2-14 (1984). We have previously held in Syllabus Point 13 of *State v. Fortner*, 182 W. Va. 345, 387 S.E.2d 812 (1989), that "[t]he crimes of abduction with intent to defile, W. Va. Code, 61-2-14 (1984), and kidnapping with intent to avoid arrest, W. Va. Code, 61-2-14a (1965), are separate offenses." Although Petitioner convinced the circuit court to give a jury instruction as if the crime of abduction with intent to defile is a lesser included offense of kidnapping, in their briefing to this Court, the parties now agree that the crime of abduction with intent to defile is not a lesser included offense of kidnapping.

Even so, on direct appeal, this Court previously found that Petitioner, by offering the jury instruction at issue, waived any error:

> We also find that the petitioner waived any error regarding this jury instruction. As we stated in *Lease v. Brown,* 196 W.Va. 485, 473 S.E.2d 906 (1996), when a defendant submits the instruction, "any error stemming from its inclusion in the case has either been waived or deemed 'invited error.' " *Id.* at 488, 473 S.E.2d at 909 (internal citation omitted). Moreover, "[n]o party may assign as error the giving or the refusal to give an instruction ... unless that party objects thereto before the arguments to the jury are begun, stating distinctly the matter to which that party objects and the grounds of the objection[.]" W.Va. R.Crim. P. 30, in part.

---

[3] The 1999 version of this statute is applicable to this appeal.

*Lewis*, 235 W. Va. 694, 703 n.24, 776 S.E.2d 591, 600 n.24 (2015). This waiver was the direct result of the jury instruction at issue being **offered by Petitioner**:

> [H]e specifically requested that the jury be instructed on abduction with intent to defile, as a lesser included offense of kidnapping. Moreover, the record reflects that the petitioner approved the verdict form that allowed for a guilty verdict on both abduction with intent to defile and second degree sexual assault. Consequently, the petitioner cannot now complain of his tactical decision. Even if waiver were not evident from the record in this case, we nonetheless find no error.

*Id.*, 235 W. Va. 694, 702, 776 S.E.2d 591, 599.

Clearly, these findings in *Lewis* "previously and finally adjudicated . . . on the merits" all issues regarding this jury instruction. W. Va. Code § 53-4A-1(b)(1967). However, even if a contention has been previously and finally adjudicated on the merits, Petitioner could still be entitled to habeas relief, if "said decision upon the merits is clearly wrong." *Id.* To determine if our prior decision in *Lewis* was clearly wrong, we therefore must examine *Lewis* in light of the allegation raised in this appeal regarding this jury instruction. As we discuss below, we believe that our prior reasoning was sound, and Petitioner, by inviting and benefiting from the error he created, is not entitled to relief on this issue.

We begin our discussion of this issue by noting that on a direct appeal, "[a] defendant in a criminal case cannot invite the trial court to give an instruction on a lesser included offense, and then complain on appeal that such an instruction should not have

11

been given." Louis J. Palmer, Jr., et al., *Handbook on Evidence for West Virginia Lawyers*, § 103.03[1][d] (Supp. 2018). This rule is firmly established in our case law. *See State v. Tidwell*, 215 W. Va. 280, 599 S.E.2d 703 (2004) and *State v. Boyd*, 209 W. Va. 90, 543 S.E.2d 647 (2000).

In *Tidwell,* the Defendant was indicted for robbery in the first degree, in violation of West Virginia Code § 61-2-12(a) (2000), and assault during the commission of a felony, in violation of West Virginia Code § 61-2-10 (1923). *See Tidwell*, 215 W. Va. 280, 282, 599 S.E.2d 703, 706. At trial, the Defendant – without objection – offered jury instructions allowing the jury to convict him of unlawful assault as a lesser included offense of assault during the commission of a felony:

> During the proceedings below, Tidwell's counsel offered various instructions to the Circuit Court including Defendant's Instruction Number 4 on unlawful assault. That instruction was subsequently incorporated, without objection, into the Circuit Court's charge to the jury wherein the jury was told that a conviction of unlawful assault could be returned under Count 2 of the indictment as a lesser included offense of assault during the commission of a felony. The verdict form reflecting that option was not objected to by appellant Tidwell.

*Id*., 215 W. Va. 280, 283, 599 S.E.2d 703, 706. Tidwell was convicted of unlawful assault as a lesser included offense of assault during the commission of a felony and another charge unrelated to this appeal. *Id*., 215 W. Va. 280, 282, 599 S.E.2d 703, 705. Like here, in *Tidwell*, both the State and Tidwell "cast doubt upon the validity of the instruction that allowed the jury to consider unlawful assault as a lesser included offense of assault during

12

the commission of a felony." *Id.*, 215 W. Va. 280, 283, 599 S.E.2d 703, 706. In holding

that "a party cannot invite instructional error and then raise it on appeal," *Id.,* 215 W. Va.

280, 282, 599 S.E.2d 703, 705, *Tidwell* cites to Syllabus Point 5 of *State v. Calhoun,* 65 W.

Va. 666, 69 S.E.2d 1098 (1910), which provides:

> Though there be error in instructions given on behalf of the
> prevailing party, yet the judgment will not for this reason be
> reversed if it appears that the same error was introduced into
> the record by instructions given at the instance of or was
> invited by the other party.

Importantly, this Court found no error and affirmed Tidwell's conviction on the lesser

included offense, based upon the instruction that he offered at trial, as "[a]ny error

concerning the unlawful assault conviction was invited by appellant Tidwell." *Tidwell,*

215 W. Va. 280, 282, 599 S.E.2d 703, 705 (2004).



Likewise, Boyd was indicted on one count of felony possession with intent

to deliver, and two misdemeanor weapons counts. *Boyd,* 209 W. Va. 90, 91, 543 S.E.2d

647, 648 (2000). The parties jointly moved to dismiss the misdemeanor charges on the

grounds that they were barred by the statute of limitations. *See id.* Nonetheless, at trial,

Boyd "successfully requested a jury instruction on the lesser included misdemeanor offense

of possession of a Schedule I controlled substance. The jury convicted the appellant of the

lesser included offense." *Id.* After trial, Boyd moved that the misdemeanor conviction be

set aside because the statute of limitations had run. *See id.* The circuit court denied that

motion. *See id.*

13

On appeal, Boyd renewed his argument that his conviction for misdemeanor possession of a controlled substance should have been set aside as time-barred. *See id.* We held that "[w]hen a defendant is not indicted within one year of the date on which an offense is committed but requests the circuit court to instruct the jury on a time-barred lesser included offense, the defendant by that act waives the statute of limitations defense contained in W.Va. Code § 61–11–9." Syllabus Point 3, *Id.*, 209 W. Va. 90, 543 S.E.2d 647 (2000). The reasoning behind this holding was stated as:

> The requested charge was obviously in the appellant's best interest. He requested the charge, was convicted under the charge, and benefitted from the charge. He cannot now complain of the result. His actions constitute a waiver of the time limitation contained in W.Va.Code § 61–11–9. To hold otherwise would allow defendants to sandbag trial judges by requesting and approving an instruction they know or should know would result in automatic reversal if given. "After a guilty verdict has been returned based on the requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error." *Weber v. State,* 602 So.2d 1316, 1319 (Fla.App. 5 Dist.1992).

*Id.*, 209 W. Va. 90, 94, 543 S.E.2d 647, 651. Clearly, our prior jurisprudence has affirmed convictions where criminal defendants have offered jury instructions of unindicted lesser included offenses, like *Tidwell*, and where a conviction would otherwise be barred by the statute of limitations, like *Boyd*. We believe this logic applies to this case, where Petitioner requested a beneficial jury instruction.

14

Initially, we note that earlier this term, we held that "[a] criminal prosecution requires the existence of an accusation charging the commission of an offense. Such an accusation, either in the form of an indictment or an information, is an essential requisite of a circuit court's jurisdiction." Syllabus Point 3, *Montgomery v. Ames*, 241 W. Va. 615, 827 S.E,2d 403 (2019). Clearly, *Montgomery* is inapplicable as Petitioner was properly charged in an indictment. Petitioner's own action – offering the lesser included offense jury instruction – did not deprive the circuit court of subject matter jurisdiction. However, we are mindful of our previous holding in Syllabus Point 7 of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), "[w]hen a defendant is charged with a crime in an indictment, but the State convicts the defendant of a charge not included in the indictment, then *per se* error has occurred, and the conviction cannot stand and must be reversed."

We find, however, that a review of *Corra* reveals such a bright-line rule was not intended in every case. In *Corra,* the defendant was indicted for "furnishing 'alcoholic liquors' to persons unrelated to the defendant who are under the age of 21." *Id.,* 223 W. Va. 573, 577, 678 S.E.2d 306, 310. However, the charge given by the circuit court to the jury stated that Corra could be convicted for providing beer to persons under 21 and unrelated to the defendant. *Id*. *Corra* held that these two acts represented two separate

15

misdemeanors under West Virginia law, and an indictment for one did not include an indictment for the other.[4] *Id.,* 223 W. Va. 573, 583, 678 S.E.2d 306, 316.

One key distinction between *Corra* and the case at bar is the fact that in *Corra* the Defendant acquiesced in the State's offered jury instruction. *See id.*, 223 W. Va. 573, 578, 678 S.E.2d 306, 311. In this case, Petitioner not only offered the jury instruction at issue, but, far from being surprised, he instead greatly benefitted from that instruction. The penalty for kidnapping is a life sentence, where the penalty for the crime of abduction with intent to defile, which Petitioner requested the jury to be instructed upon, is three to ten years in the penitentiary. Compare W. Va. Code § 61-2-14a (1999), with W. Va. Code § 61-2-14 (1984). By strategically inserting this instruction into the trial, Petitioner literally avoided a possible life sentence.

Nonetheless, there is dicta[5] in *Corra* that states when a criminal defendant "'invited' [an] error – implicitly or as a trial strategy – [such error] does not negate our prior holdings that it is, at the end of the day, the trial court's obligation to get it right. We therefore find the State's argument that the error at issue was 'invited error' from which

---

[4] We note there is no right to an indictment for a misdemeanor in West Virginia. *See* W. Va. CONST., Art. III, § 4.

[5] This Court has previously cautioned that language contained in footnotes carries no precedential value. *See State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 472, 583 S.E.2d 80, 94 (2003).

16

the defendant should not benefit unpersuasive. . . ." *Corra*, 233 W. Va. 573, 583 n.10, 678 S.E.2d 306, 316 n.10. We believe a recent opinion of The United States Supreme Court requires us to reconsider that dicta on the issue of whether a criminal defendant's consent to proceeding in a certain manner precludes his later complaint that such proceeding – that he requested – violated a constitutional protection. *See Currier v. Virginia*, 138 S.Ct. 2144 (2018). As we discuss below, that dicta in *Corra* is inconsistent with *Currier* on this issue, in that *Currier* clearly provides that a criminal defendant may, through his or her consent, waive the right to challenge a conviction, where, as here, a constitutional protection is implicated.

The facts in *Currier* show that Currier was indicted on three charges – (1) burglary, (2) grand larceny, and (3) possession of a firearm by a convicted felon. *See id.*, 138 S.Ct. 2144, 2148. Currier and the prosecution agreed to sever these counts, and first proceed to trial solely on the burglary and larceny charges. *See id.* At that trial, Currier was acquitted. *See id.* He then argued that holding a second trial on the charge of possession of a firearm by a convicted felon would subject him to double jeopardy. *See id.,* 138 S.Ct. 2144, 2148-2149. The trial court denied Currier's motion and he was convicted of that charge at a second jury trial. *See id.*, 138 S.Ct. 2144, 2149. The Virginia Supreme Court affirmed the conviction, and Currier appealed to the United States Supreme Court, which granted certiorari. *Id.*

17

In its opinion, the United States Supreme Court discussed prior precedent of that Court, which was asserted by Currier to bar his subsequent prosecution:

> Currier suggests this Court's decision in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), requires a ruling for him. There, the government accused a defendant of robbing six poker players in a game at a private home. At the first trial, the jury acquitted the defendant of robbing one victim. Then the State sought to try the defendant for robbing a second victim. This Court held the second prosecution violated the Double Jeopardy Clause. *Id.,* at 446, 90 S.Ct. 1189. To be sure, the Clause speaks of barring successive trials for the same offense. And, to be sure, the State sought to try the defendant for a *different* robbery. But, the Court reasoned, because the first jury necessarily found that the defendant "was not one of the robbers," a second jury could not "rationally" convict the defendant of robbing the second victim without calling into question the earlier acquittal. *Id.,* at 445–446, 90 S.Ct. 1189. In these circumstances, the Court indicated, any relitigation of the issue whether the defendant participated as "one of the robbers" would be tantamount to the forbidden relitigation of the same offense resolved at the first trial. *Id.,* at 445, 90 S.Ct. 1189; see *Yeager v. United States,* 557 U.S. 110, 119–120, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009).

*Id.* Rejecting that double jeopardy claim, the United States Supreme Court expressly noted that "a critical difference immediately emerges between our case and *Ashe*. Even assuming without deciding that Mr. Currier's second trial qualified as the retrial of the same offense under *Ashe,* he consented to it." *Id.*, 138 S. Ct. 2144, 2150.

Consequently, that Court held:

> Historically, courts have treated greater and lesser-included offenses as the same offense for double jeopardy purposes, so a conviction on one normally precludes a later trial on the other. *Id.,* at 150–151, 97 S.Ct. 2207 (plurality opinion); *Brown v. Ohio,* 432 U.S. 161, 168–169, 97 S.Ct.

18

> 2221, 53 L.Ed.2d 187 (1977) (collecting authorities). But, *Jeffers* concluded, it's different when the defendant consents to two trials where one could have done. If a single trial on multiple charges would suffice to avoid a double jeopardy complaint, "there is no violation of the Double Jeopardy Clause when [the defendant] elects to have the ... offenses tried separately and persuades the trial court to honor his election." 432 U.S., at 152, 97 S.Ct. 2207.

*Id.* The Court gave a straight-forward explanation of this rationale:

> If a defendant's consent to two trials can overcome concerns lying at the historic core of the Double Jeopardy Clause, so too we think it must overcome a double jeopardy complaint under *Ashe*.

*Id.*.

As we apply *Currier* to *Corra*, we find *Corra* should only apply in cases where a defendant is called upon to defend against a charge that is surprising or misleading to the defendant, increases his or her burden of proof, or is otherwise prejudicial to the defendant. *Corra* contemplates such a situation when it cites to Justice McHugh's holding in Syllabus Point 3 of *State v. Johnson*, 197 W. Va. 575, 476 S.E.2d 522 (1996)(superseded by rule on other grounds):

> If the proof adduced at trial differs from the allegations in an indictment, it must be determined whether the difference is a variance or an actual or a constructive amendment to the indictment. **If the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced, then the difference between the proof adduced at trial and the indictment is a variance which does not usurp the traditional safeguards of the grand jury.** However, if the defendant is misled, is subjected to an added burden of proof, or is otherwise prejudiced, the

19

> difference between the proof at trial and the indictment is an
> actual or a constructive amendment of the indictment which is
> reversible error.

Syllabus Point 6, *Corra*, 233 W. Va. 573, 678 S.E.2d 306 (emphasis added). *Currier*

clarifies this point. A criminal defendant who consents to proceeding on a lesser included

offense by inducing a trial court to give an erroneous jury instruction is not prejudiced in

any way.

Here, Petitioner offered the jury instruction which he now challenges, and

the parties proceeded to verdict as if abduction with intent to defile was a lesser included

offense of the indicted charge. Although the parties now agree that abduction with intent

to defile is not a lesser included offense, Petitioner's position at trial that it was a lesser

included offense placed him fully on notice of the need to mount a defense to that charge.

Indeed, this Court in *Corra* made clear that its holding did not bar a defendant from being

convicted of a lesser included offense not contained in the indictment because in such a

case the defendant would "be on notice to mount a defense to both the primary offense and

any lesser-included defense." *Corra*, 223 W. Va. 573, 583, 678 S.E.2d 306, 316. Having

offered the jury instruction maintaining that abduction with intent to defile was a lesser

included offense of the charge of kidnapping, Petitioner clearly cannot now assert that he

was not on notice of the need to mount a defense to the charge of abduction with intent to

defile. *See Currier*, 138 S. Ct. 2144, 2150. The same principle cited by this Court in *Corra*

permitting conviction of a lesser included offense even when a defendant is not indicted on

20

such offense applies here. Petitioner was not prejudiced by his conviction of an offense which, while in hindsight is not a lesser included offense of the charge on which he was indicted, is certainly a (1) less serious offense, (2) an offense on which he was convicted based upon a jury instruction he offered, and (3) was not a surprise to him since both he and the State proceeded to verdict as if it were, in fact, a lesser included offense.

Based upon this analysis, Petitioner cannot complain of an error of procedural due process because he had notice of the crime of abduction with intent to defile when he offered the jury instruction. *See Corra*, 223 W. Va. 573, 580, 678 S.E.2d 306, 313 (2009)("No principal of procedural due process is more clearly established than notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge."). By persuading the circuit court to give his requested jury instruction, Petitioner avoided a potential life sentence. *See Currier*, 138 S. Ct. 2144, 2150. Petitioner was acquitted of kidnapping, but convicted of abduction with intent to defile, thereby reducing the restraint on his liberty from life to that of three to ten years. Petitioner's argument – that we should reverse his conviction based upon a jury instruction he offered and benefited from – would allow defendants to offer jury instructions, and, if the circuit court erroneously gives them, have any criminal penalty magically wiped out by their own chicanery. Thus, we reaffirm that:

> "Invited error" is a cardinal rule of appellate review
> applied to a wide range of conduct. It is a branch of the doctrine

21

of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error. The idea of invited error is not to make the evidence admissible but to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for the inducement of error. Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences.

*State v. Crabtree*, 198 W. Va. 620, 627, 482 S.E.2d 605, 612 (1996).

Accordingly, we believe our prior holdings on invited instructional error and the United States Supreme Court's opinion in *Currier* are persuasive. We therefore hold that a criminal defendant cannot invite the circuit court to give an erroneous instruction on a lesser included offense, benefit from that instruction, and then complain on appeal, or in a collateral attack, that such instruction should not have been given. To the extent that Syllabus Point 7 of *State v. Corra*, 223 W. Va. 573, 678 S.E.2d 306 (2009), is inconsistent, it is hereby modified.

## IV. CONCLUSION

Accordingly, we affirm the circuit court.

Affirmed.

22