**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0113** (Hancock County CC-15-2020-F-33)

**David S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David S. appeals the order of the Circuit Court of Hancock County, entered on January 13, 2022, sentencing him to consecutive ten- to twenty-year terms of imprisonment for his convictions of each of 516 counts of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5. On appeal, he asserts a single assignment of error, in which he argues that the circuit court erred in failing to dismiss his indictment or, in the alternative, erred in failing to order the State to provide a bill of particulars, because each of the counts with which he was charged were identically worded and, therefore, insufficiently specific to alert him to the charges against him. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.[1]

In June 2020, petitioner was charged in a 363-page indictment with the more than five-hundred felony counts described above. The first count charged:

> That on or about a date between February 1, 2015 and January 15, 2020, and on a separate date not subsequently referenced in any count of this indictment, in Hancock County, West Virginia, DAVID S[.], being a parent, guardian or custodian of or other person in a position of trust in relation to the victim . . . , a child under his care, custody or control did commit the offense of "Sexual Abuse by a Parent, Guardian, Custodian or Person in a Position of Trust to a Child" by unlawfully and feloniously engaging in or attempting to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with the victim . . . who was

---

[1] Petitioner appears by counsel Gary A. Collias of the Appellate Advocacy Division of West Virginia Public Defender Services. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy. Because this case involves sensitive facts, we use initials to protect the identity of the victim.

1

under his care, custody and control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct in violation of West Virginia Code Chapter 61, Article 8D, Section 5 and against the peace and dignity of the State of West Virginia.

The remaining counts were substantively identical.

Upon being charged, petitioner filed a motion to dismiss the indictment or, alternatively, for a bill of particulars. He argued that the indictment lacked the necessary specificity to alert him to the details of the charges. The State filed a response (which it represented could serve as a bill of particulars) explaining that the counts of the indictment were based on petitioner's custodial statement to a West Virginia State Police officer wherein

> [petitioner] admitted to the . . . officer that for the [time from February 1, 2015, through January 15, 2020], he had been having Sexual Intercourse with his biological daughter [J.S.] in her Anus and her Vagina at least two times a week. . . . [Petitioner] also admitted [that] on several occasions he had put his mouth on [his daughter's] vagina and had put his penis in her mouth. . . .

The circuit court denied petitioner's motion to dismiss or for a bill of particulars.

Corporal R.C. McMahon of the West Virginia State Police testified at petitioner's trial that he received a telephone call from the mother of one of J.S.'s classmates that caused him to begin an investigation. While investigating, Cpl. McMahon interviewed petitioner and petitioner admitted the conduct described above. Petitioner's recorded statement was played for the jury.[2] At the conclusion of the evidence, the jury found petitioner guilty of the 516 counts charged in the indictment.[3] Petitioner filed a motion for a new trial and a renewed motion for judgment of acquittal, and the circuit court denied that motion.

On appeal, petitioner argues that the circuit court erred in denying his motion to dismiss the indictment or for a bill of particulars, because his indictment so lacked specificity that it violated the Sixth and Fourteenth Amendments of the United States Constitution and article III, section 14 of the West Virginia Constitution, as well as Rule 7 of the West Virginia Rules of Criminal Procedure. "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*." Syl. Pt. 1, in part, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d

---

[2] Petitioner cites the trial transcript to show where the statement was played for the jury, but does not otherwise direct our attention to a recording or transcript of the statement. We, therefore, accept the State's assertion as true; the 516 counts of the indictment were formulated from petitioner's report to Cpl. McMahon that petitioner sexually penetrated his victim approximately twice every week for the 258-week period he described.

[3] The victim, petitioner's daughter J.S., was the only other trial witness.

449 (2009). Furthermore, "the sufficiency of an indictment is [generally] reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." Syl. Pt. 2, *State v. Miller*, 197 W. Va. 588, 476 S.E.2d 535 (1996).[4]

Petitioner's arguments turn on whether we find that the indictment meets minimum requirements. We described the requirements in *State v. Adams*, 193 W. Va. 277, 282 n.8, 456 S.E.2d 4, 9 n.8 (1995):

> (1) the indictment must contain a statement of essential facts constituting the offense charged; (2) it must contain allegations of each element of the offense charged, so that the defendant is given fair notice of the charge that he must defend against; and (3) the allegations must be sufficiently distinctive so that an acquittal or conviction on such charges can be pleaded to bar a second prosecution for the same offense. *See* W. Va. R. Crim. P. 7(c)(1); *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *State v. Knight*, 168 W.Va. 615, 285 S.E.2d 401 (1981).

We later restated these considerations:

> An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R. Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

Syl. Pt. 6, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999).

Petitioner acknowledges that we applied these considerations and addressed "the issue of indictment specificity" in *Ballard v. Dilworth*, 230 W. Va. 449, 739 S.E.2d 643 (2013), but he argues that *Dilworth* is both factually distinguishable from this case and incorrect. As petitioner notes, we considered in *Dilworth* an indictment containing ten identical counts charging that the defendant sexually abused his stepdaughter over a period of several years. As in the case before us, the defendant in *Dilworth* admitted to police that he had sexually abused his victim over a period of years, but he shared no specific information about dates and times. In that case, we found the indictment sufficient because the defendant "knew the elements of the offenses with which he was charged and had fair notice of what he had to defend against (particularly given his confession and the victim's pretrial statements . . . .)." *Id*. at 458, 739 S.E.2d at 652.

---

[4] In addition, "[t]he denial of a motion for a bill of particulars rests in the sound discretion of the trial court and unless it appears that such discretion is abused the ruling of the trial court will not be disturbed." Syl. Pt. 4, *State v. Slie*, 158 W. Va. 672, 213 S.E.2d 109 (1975). Because we find that the indictment adequately advised petitioner of the charges, we find that the circuit court did not abuse its discretion in denying the motion for a bill of particulars.

We are not moved by petitioner's argument that *Dilworth* is distinguishable because it involved a "mere ten counts," inasmuch as we have applied the precepts described in *Dilworth* to indictments describing patterns of sexual abuse where far more occurrences are charged. *See State v. Samuel S.*, No. 11-0877, 2012 WL 5471448 (W. Va. Nov. 9, 2012) (memorandum decision) *cert. denied*, 568 U.S. 1255 (2013).[5] In *Samuel S.*, we considered the defendant's argument that his 140-count "indictment and jury instructions failed to specify any facts that distinguished one count from another," after the defendant was charged for a pattern of sexual offenses against his daughter over ten years. *Id.* at *2. In that case, the indictment was formed based on the statement of the victim, and each count "included the crimes with which the petitioner was charged, listed the victim of the crimes, and the year they were committed." *Id.* at *1. The counts were not identical in *Samuel S.* As noted, the State described specific years of criminal conduct in the indictment. Furthermore, the criminal conduct was varied; the defendant was ultimately convicted of twenty-five counts of sexual assault in the third degree, forty-five counts of incest, and forty counts of sexual abuse by a parent, but was absolved of thirty counts of sexual conduct in the first four years of the overall period. Nevertheless, the underpinnings of *Samuel S.* and the case before us are the same.

We emphasize, first, that the indictment for *Samuel S.* was formulated based on the statement of the victim. Here, however, each count of the indictment was derived from petitioner's statement. His own description of his conduct provided the foundation for his criminal charges. In this respect, we find petitioner's indictment on even firmer ground than the indictment in *Samuel S.* But we further find that "the indictment was sufficient as it clearly stated the elements of the offense charged and gave the petitioner fair notice of the charges against which he must defend by stating the [time period], the offense committed, and the victim." *Id.* at *3. In *Samuel S.*, the indictment included the specific *year* of the charged criminal conduct. Under the facts before us, however, it was not fatal for the State to rely on the multi-year period described by petitioner in his statement to Cpl. McMahon. As we explained in *Samuel S.*:

> This Court has noted that "[t]ime is not an element of the crime of sexual assault, the alleged variances concerning when the assaults occurred did not alter the substance of the charges against the defendant." *State v. Miller*, 195 W.Va. 656, 466 S.E.2d 507 (1995). Moreover, "[w]here a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." *United States v. Kimberlin*, 18 F.3d 1156 (4th Cir.1994).

*Id.* The indictment before us was sufficient to alert petitioner that he was charged with a particular pattern of sexually abusing his daughter over a nearly five-year period, as he himself described to

---

[5] We were asked to review *Samuel S.* for plain error because, unlike petitioner, the defendant failed to seek relief in the circuit court. However, though we declined to apply the plain error doctrine, we substantively reviewed the indictment and "found an indictment that meets the minimum guidelines for charging documents."

the investigating officer.[6] We find no error in the denial of the motion to dismiss the indictment, which met our minimum guidelines for charging documents.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[6]Petitioner argues in his brief that he "is not asserting that all the various counts of the indictment have to be distinguishable by the exact date or even the approximate date the events happened, only that they must be distinguishable on some basis." However, in a case such as this, where abuse is repeatedly inflicted on a youthful victim, it is the abuser's pattern itself that makes the occurrences indistinguishable.